Nov. Term,
1858.

THE NEW
ALBANY, &c.,
RAILRO'D Co.
v.
HASKELL.

| 11  | 301 |
|-----|-----|
| 126 | 101 |

---

THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* HASKELL.

By § 796, 2 R. S. p. 222, an action against a corporation may be instituted in any county where the corporation has an office or an agent upon whom process may be served; and § 30 of the same act (2 R. S. p. 34), is not in conflict with § 796.

Railroad corporations may be regarded as resident in each county in which they have an office or agency, or an officer or agent upon whom process may be served.

A contract for fencing a portion of the track of a railroad, made by a general agent of the company, will, under our statute, bind the corporation.

APPEAL from the *Laporte* Court of Common Pleas.

*Friday, December* 10.

DAVISON, J.—The complaint in this case alleges that the railroad company, who were the defendants, were indebted to *Haskell* 480 dollars for furnishing materials and building one and a half miles of fence along the line of their road, at their request, &c. A summons was issued to the sheriff of *Laporte* county, against the defendants, upon which he made the following return: "I have made diligent search, and cannot find the president or secretary of the within-named company within my bailiwick. I then served this summons, by reading it to *H. J. Rees*, the agent of said company. *May* 21, 1857. [Signed] *William H. Whitehead*, sheriff."

The defendants answered, alleging that they are a corporation within this state, and that their principal office and place of doing business is in the county of *Floyd;* that the matters set forth as the foundation of the plaintiff's claim in this action are not connected with, nor did

Nov. Term,
1858.

THE NEW
ALBANY, &c.,
RAILRO'D Co.
v.
HASKELL.

they grow out of, the business of the office or agency of the defendants in *Laporte* county; wherefore they ought not be held to answer, &c.

To this answer, the Court sustained a demurrer; and thereupon the defendants answered in two paragraphs. The first is a general denial; and the second alleges that the fence alleged to have been built by the plaintiff was constructed in an unworkmanlike manner, &c.

Reply in denial of the second paragraph.

The Court tried the cause, and found for the plaintiff; and over a motion for a new trial, there was judgment, &c.

In the record there is a bill of exceptions which professes to contain the evidence.

*Hixson*, a witness, testified that plaintiff built one and a half miles of fence, worth one dollar per rod; that he, witness, was present at a conversation had in the office where the company sold tickets in *Michigan City*, between plaintiff and one *Knowlton*. Plaintiff asked *Knowlton* what the company was going to do about fencing their track where it passed through his land. *Knowlton* replied, that the company were too poor to fence; but told plaintiff to go on and build the fence, and the company would, sometime, pay him. *Knowlton* was the general superintendent of the railroad, and had given witness passes over it which he had used. This was all the evidence.

The appellant has assigned two errors—

1. The action of the Court in sustaining the demurrer.

2. The refusal to grant a new trial.

The code says, "Any action against a corporation may be brought in any county where the corporation has an office for the transaction of business, or any person resides upon whom process may be served, unless otherwise provided in this act." 2 R. S. p. 222, § 796. This section must be allowed to sustain the ruling upon the demurrer, unless, in its application to the case at bar, it is found to be controlled by some other provision of the practice act. We are referred to § 30 of that act, which provides that, "When a corporation, company, or an individual has an office or agency in any county for the transaction of busi-

ness, any action growing out of, or connected with, the business of such office, may be brought in the county where the office or agency is located, at the option of the plaintiff, as though the principal resided therein; and service upon any agent or clerk employed in the office or agency, shall be sufficient service upon the principal; or process may be sent to any county, and served on the principal." 2 R. S. p. 34.

Nov. Term,
1858.

The New
Albany, &c.,
Railro'd Co.
v.
Haskell.

As we understand this section, it provides simply that the plaintiff may, in a given case, at his option, sue in the county where the cause of action arose, whether process can or cannot be served in that county. Its purpose, thus pointed out, is not in conflict with the position that the plaintiff may, as provided in § 796, institute his action in any county where the corporation has an office or an agent upon whom process may be served.

Again, we are referred to § 33 of the same act, which says that, "In all other cases, the action shall be commenced in the county where the defendants, or some one of them, has his usual place of residence." 2 R. S. p. 34. Even if this provision is at all applicable to railroad corporations, which is doubtful, it would not be an unfair construction to say, that such corporations may be regarded as resident in each county in which they have an office or agency, or an officer or agent upon whom process may be served. This exposition gives entire effect to § 796, above quoted, and accords with at least one adjudicated case. *Indiana Mutual Ins. Co.* v. *Routledge,* 7 Ind. R. 25.

The demurrer was correctly sustained.

The next inquiry relates to the evidence. And the main ground assumed against its sufficiency is, that *Knowlton* was not authorized to make the contract for fencing the road. That he did make it must be conceded; because he told the plaintiff to go on and build the fence, and the company would, sometime, pay him. He was the general superintendent of the road, and, of course, the general agent of the company, and, as such, it may be fairly presumed that he was clothed with authority to bind his principal in contracts relative to the safe and effective opera-

Nov. Term,
1858.

tions of the road. Railroad companies, in all cases, contract through their agents. The law makes it their interest to fence their track. Acts of 1853, p. 113, § 4. And upon whom, more than such general agent, would the duty of making a contract similar to the one in suit appropriately rest? In the absence of conflicting evidence, we are not allowed to avoid the conclusion, that the agent, in this instance, acted within the scope of his authority. Paley on Agency, 163.—Story on Agency, §§ 73, 126, 127.—2 Blackf. 361.—3 *id.* 436.

Other points of objection are made, as to the sufficiency of the evidence; but we are not inclined to notice them, because it was the exclusive duty of the Court, sitting as a jury, to weigh the testimony; and having done so, we are not authorized, in view of the case made, to disturb the finding. 6 Ind. R. 59.—9 *id.* 259.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*H. P. Thornton*, for the appellants.

*J. Bradley*, for the appellee.