Ætna Insurance Company v. Black.

---

No. 8066.

ÆTNA INSURANCE COMPANY v. BLACK.

SUMMONS.—*Service.*—*Return.*—*Extrinsic Facts.*—Where the return of process appears regular on its face, the insufficiency of the service can only be raised by an answer stating extrinsic facts.

FOREIGN CORPORATIONS.—*Process.*—*Agent.*—*Jurisdiction.*—*Abatement.*—*Answer.*—A verified answer, that the defendant is a corporation created by the laws of another State, that the person upon whom process was served was its agent in the county only where the action was commenced, and that the contract sued on was made out of the State and was not connected with the business of his office, is sufficient, on demurrer, to abate the action for want of jurisdiction of the person of the defendant.

FIRE INSURANCE.— *Complaint on Policy.—Description of Property.—Insurable Interest.*—A complaint upon a policy of fire insurance should, by description, identify the house burned with the house insured, and show that the insured had an insurable interest in the house at the time it was burned.

SAME.—*Occupancy.*—In such complaint, if the policy sued on provides that it shall cease to be valid when the premises cease to be occupied, it must be alleged that the house was occupied to the time of its burning.

SAME.—*Presumption.— Value.*—In such case, in aid of the complaint, it will be presumed that the property insured and destroyed was of some value.

PLEADING.—*Demurrer to Answer Reaches Back.*—A demurrer to an answer reaches back and tests the sufficiency of the complaint.

SAME.—*Bad Answer.*—A bad answer is good enough for a bad complaint.

Fom the Vigo Circuit Court.

*J. G. Williams,* for appellant.

*J. L. McMaster, A. Boice, J. M. Allen, W. Mack* and *S. C. Davis,* for appellee.

FRANKLIN, C.—This is an action by appellee against appellant, on an insurance policy for $1,000 upon a dwelling house. The complaint is in one paragraph. Appellant entered a special appearance, and moved to set aside the service of process. The motion was overruled, and an answer in five paragraphs filed, the last of which was a denial. Demurrer to the 1st, 2d, 3d, and 4th paragraphs; sustained as to the 1st and 2d, and overruled as to the 3d and 4th. Reply in denial. Trial by court, finding for appellee. Motion for a new trial overruled, and judgment on the finding for $1,210. Proper exceptions were reserved to the several rulings.

The errors assigned in this court are:

1st. The overruling of the motion to set aside the service of process.

2d and 3d. The sustaining of the demurrers to the 1st and 2d paragraphs of the answer.

4th. The overruling of the motion for a new trial.

5th. The complaint does not state facts sufficient to constitute a cause of action.

The service of process in this case appears to be regular upon the face of the return of the sheriff, and the insufficiency

of the service can only be raised by an answer stating extrinsic facts.

The 2d, 3d and 5th specifications of errors, each presents the question as to the sufficiency of the complaint. And appellant insists that appellee's demurrer should have been sustained to the complaint instead of the 1st and 2d paragraphs of the answer. The complaint is substantially as follows:

Plaintiff complaining says: That the defendant, Ætna Ins. Co., is a foreign corporation, organized under the laws of Connecticut, and has filed the necessary statements required by the law, to authorize her to transact business in Vigo county, State of Indiana; that heretofore, in the year of 1869, the said insurance company executed to Hubbard Brothers a policy of insurance against fire, on a dwelling house, by which she undertook and agreed to insure said dwelling against loss by fire for the term of one year; that said Hubbard Brothers, with consent of said company endorsed on policy, transferred the said policy to Jesse H. Hubbard; that afterwards, on the payment of an annual sum in money by Hubbard to the said Ætna Ins. Co., said policy was renewed from year to year, including the year 1875; that on the 10th day of April, 1875, said dwelling house was totally destroyed by fire; that said policy was at the time in full force and unexpired; that he is unable to file a copy of the original policy and renewal receipts herewith for the reason that they were all destroyed by the said fire, and the defendant Ætna Insurance Company refuses to deliver to the plaintiff copies of said instruments; that after said fire, said Hubbard complied with all the terms and conditions of said policy necessary for him to do and perform, to entitle him to the money on said policy, more than sixty days before this date; that after said conditions had all been performed on the part of said Hubbard, he, for a valuable consideration, assigned said claim to plaintiff, and he, said Hubbard, is made a party to answer to his interest therein. That said claim of $1,000 and interest is due and wholly unpaid. Wherefore plaintiff demands judgment

for $1,100, and for general relief; that Luther Hager is an agent of said corporation; has an office in Vigo county, and said corporation has property in said county.

This complaint contains no description whatever of the house alleged to have been burned, either by location, form or material; nor is it aided by making a copy of the policy containing a description of the house a part of the complaint; nor does it show any insurable interest of Hubbard in the house at the time it was burned; nor does it show that the house was occupied as a dwelling at the time that it was burned; nor does it allege that the house was of any value.

The complaint should have given at least such a description of the house as was contained in the policy, so as to identify the house as being the one insured, and prevent another action for the same thing, and should have shown that the insured had an insurable interest in the house at the time it was burned. *The Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315.

According to the terms of the policy, which is made a part of the answer and copied in the record, if the premises should cease to be occupied, the policy would cease to be valid. This made it necessary to aver in the complaint that the house was occupied to the time of its burning. *Ætna Ins. Co.* v. *Meyers,* 63 Ind. 238; *Hartford F. Ins. Co.* v. *Webster,* 69 Ill. 392; *American Ins. Co.* v. *Padfield,* 78 Ill. 167.

The want of an averment as to the value of the house may not make the complaint bad on demurrer. The presumption that the house was of some value, may have, as to that question, entitled the plaintiff to nominal damages. A demurrer to an answer reaches back and tests the sufficiency of the complaint. And if the complaint is bad it makes no difference whether the answer is good or bad. A bad answer is good enough for a bad complaint. *Batty* v. *Fout,* 54 Ind. 482; *Ætna Ins. Co.* v. *Baker,* 71 Ind. 102.

But we think the first paragraph of the answer was sufficient. It reads as follows: " Comes now the insurance com-

pany, defendant herein, and for separate answer, and by way of plea to the jurisdiction of this court over the person of defendant in this action, says: That this defendant is a corporation, created solely by the laws of the State of Connecticut, and not by the laws of the State of Indiana; that the policy of insurance in the complaint mentioned, was upon property situate in the town of Neoga, in the State of Illinois, and the contract of insurance, as evidenced by said policy, was made, entered into and consummated in said State of Illinois, with an agent of defendant, located in said State, and not in the State of Indiana, nor with any agent of defendant in said State of Indiana, and all renewals of said policy were made in said State of Illinois, with an agent therein located as aforesaid, and not in the State of Indiana, nor with any agent located in Indiana. Defendant further says that Luther G. Hager, the person upon whom process was served in this action, is not now nor never has been an agent for defendant in the State of Illinois, but is the agent for defendant in the county of Vigo, and State of Indiana, and not elsewhere; and that neither the contract or policy of insurance in the complaint mentioned, nor any matters or things connected therewith, was made or transacted with said Hager or with any other agent of defendant located in the State of Indiana. And defendant further says that she has never been notified of the pendency of this action by publication in any newspaper anywhere, and that the only process used to get jurisdiction over this defendant was the process served upon said Hager as aforesaid. And that no proceedings of attachment or garnishment has been instituted against the defendant by the plaintiff in this action, nor any other proceedings *in rem* against the property of this defendant, located in the State of Indiana. And that said Hager is not a stockholder nor officer in the corporation herein; and the principal office of the defendant is located in the State of Connecticut, and the defendant has and at the commencement of this suit had, among its other officers, a president, secretary and treasurer, and is

a corporation organized for the purpose of insuring against losses by fire.   Wherefore the defendant says that this court, in this cause, has no jurisdiction over the person of this defendant, and prays that this suit may abate, and for all proper relief. "

This paragraph was verified.

The 30th section of the code provides for the bringing of an action against a corporation in the county where it has an office or agency for the transaction of business, and the service of process upon such agent or clerk employed in such office or agency, only when the cause of action grows out of or is connected with the business of such office or agency.

Sec. 681, 2 R. S. 1876, p. 281, reads: "Actions may be brought against a corporation created by or under the laws of any other State, government or country, in any court having jurisdiction of the amount demanded, by any person having a cause of action in any county within the State, where any property, moneys, credits or effects belonging or due to the corporation may be found."

This section was doubtless intended to provide for proceedings against the property itself.   But if it is to be construed to include all kinds of actions, still, before the action could be maintained, process would have to be served upon some officer of the corporation, or publication made, in a case where publication would answer, there being no provision in said section for serving the process on an agent.

The 796th section, 2 R. S. 1876, p. 313, reads:  " Any action against a corporation may be brought in any county, where the corporation has an  office for the transaction of business, or any person resides upon whom process may be served against such corporation, unless otherwise provided in this act."

This section does not specify upon whom process may be served.   And, as it is otherwise provided in this act that process can be served upon an agent only in special cases, the right to serve process on an agent must be limited to that

class of cases, as specified in said 30th section. There are other provisions of the code providing for serving process on the agents of railroad corporations. The case of *The New Albany, etc., R. R. Co.* v. *Haskell,* 11 Ind. 301, is of that class, and, we think, not applicable. We do not think the circuit court of Vigo county could acquire jurisdiction of the defendant, in this case, by the service of process upon Hager, the local agent of defendant in that county.

This paragraph of the answer we think was sufficient, and the demurrer ought to have been overruled to it.

As the judgment must be reversed, on account of the ruling upon the demurrer to the first paragraph of the answer, it is unnecessary to decide any of the questions arising under the motion for a new trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and it is hereby in all things reversed at appellee's costs, and that the cause be remanded to the court below, with instructions to overrule the demurrer to the first paragraph of the answer and sustain it to the complaint; and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.