The Eel River Railroad Co. *et al. v.* State, *ex rel.* Kistler.

demurrer thereto, and in overruling the motion for a new trial.

Judgment affirmed.

Filed January 8, 1896.

---

No. 17,340.

THE EEL RIVER RAILROAD COMPANY ET AL. *v.* STATE, EX REL. KISTLER.

PLEADING.—*Answer.—Objection to Jurisdiction.—Action to Forfeit Charter of Railroad Corporation.—In Wrong County.—Waiver.—* An objection to the jurisdiction in a proceeding to forfeit the charter of a railroad company on the ground that it was brought in the wrong county is waived if not raised by answer, where the fact does not appear upon the face of the complaint.

SUMMONS—*Railroad Company Organized in this State.—Service on Officer in Another State.*—Service on a railroad company incorporated in the State cannot be made on an officer or director of the company in another State, under section 319, R. S. 1881 (section 321, R. S. 1894). (See note at end of opinion.)

SAME.—*Proof of Service.—Railroad Corporation.—No Officer or Authorized Agent in County.*—Proof of service of process upon a corporation, under 2 G. & H. Stat. 63, 2 Davis Stat. (1876) 49, if that is still in force, cannot be made without proving that no officer or person authorized to transact business resides within the county where the corporation has been located or has exercised its powers.

From the Cass Circuit Court.

*H. Crawford* and *Stuart Bros. & Hammond,* for appellants.

*Winfield & Taylor* and *W. A. Ketcham,* Attorney-General, for appellee.

MONKS, J.—This is a proceeding by information in the nature of *quo warranto,* filed by the prosecuting

attorney of the Cass Circuit Court against appellants, seeking to forfeit the corporate existence of the Eel River Railroad Company for the alleged reason that it has leased its railroad and abandoned its corporate property and franchises to the Wabash Railroad Company, its co-appellant. Appellants are corporations organized under the laws of this State. The venue of said cause was changed to the court below, where final judgment was rendered against appellants.

It is earnestly insisted by appellants that "the Cass Circuit Court was not vested with any jurisdiction over the Eel River Company to entertain the information in this case." Counsel for appellants in support of this proposition say :

"In the absence of statutory provisions, corporations are subject to suit for charter forfeiture and dissolution only in the county in which they reside ; that is, where the stockholders annually meet and the principal office is maintained. *State, ex rel.,* v. *Whitewater, etc., Can. Co.,* 8 Ind. 320. * * * The law, therefore, does not allow information to be brought in any county in which the road is situated. Such being the restricted grant of jurisdiction, the information fails to exhibit any facts showing that Cass county alone out of the eight counties in which the railroad is situated, was the proper county whose court alone could, under section 1132, entertain an information. There was no allegation that the principal place of business was, or ever had been, in said county. * * * In the absence of such showing the proceeding was *coram non judice* and the process a nullity."

It is provided by section 1132, R. S. 1881 (section 1146, R. S. 1894), that "the information may be filed by the prosecuting attorney in the circuit court of the proper county," and by section 1135, R. S. 1881 (sec-

tion 1149, R. S. 1894), that, "Whenever an information is filed, a summons shall issue thereon, which shall be served and returned as in other actions. The defendant shall appear and answer, or suffer default, and subsequent proceeding shall be as in other actions."

It was held by this court in *Robertson* v. *State, ex rel.*, 109 Ind. 79 (85–87), that all actions must be brought in the county where the defendant resides, except such as the statute expressly provides shall be brought elsewhere; and that a proceeding such as this is a civil action and governed by the provisions of section 312, R. S. 1881 (section 314, R. S. 1894), which reads thus: "that all other actions must be commenced in the county where the defendants, or one of them, has his usual place of residence;" and that the "proper county," mentioned in section 1132 (1146), *supra*, is the county of the defendants' usual residence. As there is no statutory provision authorizing actions such as this to be instituted elsewhere than in the county where the defendants reside, it follows that jurisdiction of the Eel River Company, unless waived, could only have been acquired by proper service of summons in an action brought in the county of its residence, or in the county of the residence of the Wabash Railroad Company, its co-appellants.

The "proceeding, however, was not *coram non judice*, and the process a nullity," for the reason that the information did not show that the principal office of the Eel River Company was maintained in Cass county, as claimed by appellants.

It is provided by section 339, R. S. 1881 (section 342, R. S. 1894), "that the defendant may demur to the complaint when it appears upon the face thereof, either: *First.* That the court has no jurisdiction of the person of the defendant, or the subject of the action."

And by section 343, R. S. 1881 (section 346, R. S. 1894), it is enacted: "Where any of the matter enumerated in section eighty-five (339), *supra*, do not appear upon the face of the complaint, the objection (except for misjoinder of causes) may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action: *Provided, however,* That the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived."

It is clear, we think, that the subject-matter of this action is within the ordinary jurisdiction of the circuit court, and that if the same was brought in the wrong county, the objection of jurisdiction over the person of the Eel River Company, if properly served with process, would be waived, if not taken by answer or demurrer, as provided in the proviso to section 343 (346), *supra.* The fact that the place where the action must be brought is governed by section 312 (314), *supra*, which relates only to venue, is conclusive proof that it is a question of jurisdiction of the person, and not of the subject of the action.

Even if the circuit court of the county in which the Eel River Company "resided," were the only court which could take jurisdiction of the subject of the action against it, such fact need not be alleged in the information.

It has been uniformly held by this court that the circuit court being a court of general jurisdiction, its authority to proceed with a trial of a cause, need not

affirmatively appear in the complaint.    *Chapell* v. *Shuee*, 117 Ind. 481, and cases cited.

The rule was thus stated by this court in *Bass Foundry & Machine Works* v. *Board, etc.*, 115 Ind. 234: "The rule is universal as applied to courts of general jurisdiction, and especially in matters which proceed according to the course of common law,that the facts which give * jurisdiction of the subject of the action need not affirmatively appear on the face of the complaint.    *Kinnaman* v. *Kinnaman*, 71 Ind. 417; Works Pr., section 474.

"It follows from the very language of the statute which prescribes the causes of demurrer, as well as from the general rules of the common law, that a demurrer for want of jurisdiction, either in respect to the person of the defendant or of the subject-matter of the action, will only lie when the defect appears upon the face of the complaint.    The difference between want of jurisdiction because the court is wholly without power or authority to take cognizance of and adjudicate upon the particular subject-matter involved in the suit, and want of jurisdiction on account of the non-existence of some extraneous fact which may or may not exist in that case, is not to be disregarded.    Where the court is, in law, incompetent, and without the faculty to deal with the subject-matter before it, its proceedings and judgment, without regard to any question of waiver or consent by the parties, would be *coram non judice*.    In such a case the want of jurisdiction would necessarily appear upon the face of the complaint, and objection might be taken by demurrer or motion to dismiss.    Where, however, the subject-matter before the court is within its ordinary jurisdiction, so that its judgment would be binding unless the facts going to defeat its jurisdiction in that particular case were brought for-

ward, a court of general jurisdiction may proceed until the facts showing want of jurisdiction are made affirmatively to appear: This is so because the parties may, in such a case, waive any question concerning the jurisdiction of the court. Where facts exist which would deprive the court of jurisdiction, or arrest the proceedings for the time being, the complaint being silent in that regard, objection cannot be taken by demurrer, but the facts must be brought forward by answer or plea. If no objection be thus taken, the defect is to be deemed waived."

It follows from what we have said that if this action was not commenced in the proper county, as that fact did not appear upon the face of the complaint, such question could only be raised by plea in abatement, and if not so raised would be waived; and that, therefore, the process was not a nullity.

It is also urged by appellants that summons was not served on the Eel River Company in such manner or at such place as to give the court below jurisdiction over the person of that company.

The only jurisdiction obtained over the Eel River Company was by virtue of two summonses directed to the sheriff of Cass county, requiring said company to appear and plead on June 7, 1893, and served by unofficial persons.

A summons from the circuit court can only be served in this State by the sheriff, or by some one authorized by him for that purpose. *Kyle* v. *Kyle,* 55 Ind. 387. Service of process by one not authorized to serve it is a nullity, and confers no jurisdiction. *Kyle* v. *Kyle, supra.*

An unofficial person may serve a summons without the State when such service is authorized by statute. In such case the service and proof must show that

the case was one in which such person had authority to serve the process.    Anderson Judicial Writs and Process, 168.

It is a fundamental rule that statutory provisions for acquiring jurisdiction of the person of a defendant by service of process by an unofficial person by publication, or personal service of process out of the State must be strictly pursued.  *Fontaine* v. *Houston*, 58 Ind. 316; *Johnson* v. *Patterson*, 12 Ind. 471; *Beard* v. *Beard*, 21 Ind. 321; *Marnine* v. *Murphy*, 8 Ind. 272; *Vizzard* v. *Taylor*, 97 Ind. 90, and cases cited; *Carrico* v. *Tarwater*, 103 Ind. 86; *Field* v. *Malone*, 10 Ind. 251; Works Jurisdiction, 43, 286.

The only proof of service of said summons on said appellants was by affidavits stating that the same was served on the Eel River Railroad Company, one by reading to the secretary of said company in Massachusetts, and the other by reading to one of the directors of said company in Michigan, and that the Eel River Railroad Company so served was the identical Eel River Railroad Company named in the action in which said summons issued.

This proof of service seems to have been made under the provisions of section 319, R. S. 1881 (section 321, R. S. 1894), which provides that when a defendant is a non-resident, personal service of summons out of the State is equivalent to publication; and such service may be proved by the affidavit of a competent person, etc.    The proof of service of summons on the Eel River Company was not sufficient under this section for the reason it was not shown that said company was a non-resident of the State.    It is true that the information alleged that the Eel River Company had no officer or agent within the State upon whom service could be had, but the information was not verified, and if such

facts would have sustained the service of summons on
the Eel River Company in this case, under sections 319
(321), *supra,* no proof thereof was made.

We do not think, however, that the Eel River Com-
pany could be legally served under said section for the
reason that said company was organized under the laws
of this State, and was, therefore, a resident of the
State, and could not migrate. *Aspinwall* v. *Ohio, etc.,
R. R. Co.,* 20 Ind. 492, and cases cited; 83 Am. Dec.
329; *Ohio, etc., Co.* v. *Merchants', etc., Co.,* 11
Hump. 1, 53 Am. Dec. 742 (761, 762); *Miller* v. *Ewer,*
27 Me. 509, 46 Am. Dec. 619, and note 627; *Clark* v.
*Bank of Miss.,* 10 Ark. 516, 52 Am. Dec. 248 (251);
*Wood* v. *Hartford Fire Ins. Co.,* 13 Conn. 202, 33
Am. Dec. 395, and cases cited in note 399–401; *City of
New Albany* v. *Meekin,* 3 Ind. 481, 56 Am. Dec. 522,
and note 531. 1 Wood Railroads, section 139, p. 140,
and cases cited in note.

It is claimed, however, by appellees that the act of
December 21, 1858, Acts 1858 (2 G. & H. Statutes, p. 63,
2 Davis Stat. 1876, p. 49), has never been repealed, and
is still in force, although it was not included in the
revision of 1881, and that the service of summons on
the Eel River Company outside of the State was author-
ized by that act. The act provides: "That in any civil
action now pending, or which may hereafter be brought
in any court in this State, against any corporation
created by the act of the General Assembly of this
State, wherein it shall appear by the sheriff's return,
that such corporation has no officer, or person authorized
to transact its business, residing within the county
where such corporation has been located or has exer-
cised its powers, upon whom process can be served, then
such corporation may be constructively summoned in
such action [as] where a defendant is a foreign corpor-

The Eel River Railroad Co. *et al. v.* State, *ex rel.* Kistler.

ation, or by the personal service of summons out of the State upon any officer of such corporation, or upon any person authorized to transact its business."

If this act is yet in force (and we are unable to find that it has been repealed), the proof of service of process was not sufficient, under its provisions, for the reason that there was no return by the sheriff that the Eel River Company had no officer, or person authorized to transact its business residing within the county where such corporation has been located, or has exercised its powers upon whom process can be served, as required by said act.

It follows, therefore, that the Cass Circuit Court erred in overruling the motion of the Eel River Company to quash the service of summons as to it.    As the court below had no jurisdiction of the person of said appellant, it is not necessary or proper for us to express any opinion as to the other questions discussed by counsel in their briefs.

Judgment reversed, with instructions to the court below to remand said cause to the Cass Circuit Court, and the Cass Circuit Court is instructed to sustain the motion of the Eel River Railroad Company concerning the process.

Filed January 9, 1896.

Note.—On the question who may be served with process in suit against a foreign corporation, a great number of authorities are found in a note to *Foster* v. *Chas. Betcher Lumber Co.* (S. Dak.), 23 L. R. A. 490,. ·

### Concurring Opinion.

Howard, J.—The chief question discussed by counsel in this case, and that on which it seems to have been taken for granted, both on the appeal and on the trial, that the case must turn, is the right of the Wabash

Railroad Company to lease, and thus absorb the appellant, a competing railroad company. It does not appear from the record, however, even if this were the issue on which the decision must turn, that the question has been properly brought before the court. The parties may know, and counsel may take it for granted, that all the world, including this court, must know that the two roads are competing lines. But neither in the pleadings, nor in the evidence, is the question so presented that we may take judicial notice that the lines are competing; nor was this the theory on which the case was tried, or the judgment rendered. If they are, in fact, competing, such fact should be shown in the record.

It may be very true that if the question were properly presented, and if it appeared that the lines were competing, the judgment should be affirmed. For it may well be doubted whether a railroad company, by purchase, foreclosure, consolidation, lease, or other contrivance, can absorb a rival line of road, so as to destroy that competition which public policy requires should be retained and encouraged whenever possible. The consolidation which public policy will favor is that of *bona fide* feeders and extensions with the main lines, but not of rival or competing lines.

The question, however, on which the decision on this appeal has turned, and that on which it would seem it must turn, is the insufficiency of the service or notice on which it was attempted to bring the appellant into court. The appellant is a resident corporation, and cannot be served by summons, or other notice, to its officers outside the State, or by publication, unless the proper showing is first made by affidavit; section 320, R. S. 1894 (section 318, R. S. 1881); or shall be shown by sheriff's return, as provided in the act approved

December 21, 1858, 2 · Gav. and H. 63; 2 Davis R. S. p. 49.

Here there was no such showing of the facts as might have made good the service attempted in this case. For this reason I must concur in the decision of the court.

