## GLOBE ACCIDENT INSURANCE COMPANY *v.* REID.

[No. 2,278.   Filed Oct. 13, 1897.   Modified on rehearing, Feb. 1, 1898.]

APPEAL AND ERROR.—*Complaint.—Default.—Sufficiency When Tested for First Time on Appeal.*—In an appeal from a judgment by default it will not be assumed that anything was proved beyond what is shown in the complaint, and the complaint must be sufficient to have withstood a demurrer for want of sufficient facts as against an assignment on appeal that it does not state facts sufficient to constitute a cause of action.   *p. 211.*

PLEADING.—*Exhibit.—Insurance.—Failure to Sign Policy.*—An insurance policy filed as an exhibit in an action thereon controls the averments of the complaint, and where such policy is not signed the complaint is insufficient when tested for first time on appeal. *pp. 211-216.*

JURISDICTION.—*Action Brought in Wrong County.—Waiver.*—Under the provision of section 346, Burns' R. S. 1894 (343, Horner's R. S. 1897), objection to the jurisdiction of the court on the ground that the action was brought in the wrong county is waived if not made by answer or demurrer. *p. 218.*

REPEALED STATUTE.—*Practice.*—Section 796 of R. S. 1852, pertaining to the rules of pleading and practice in civil cases is repealed by section 1315, Burns' R. S. 1894 (1291, Horner's R. S, 1897), *Evansville, etc., R. R. Co.* v. *Spellbring,* 1 Ind. App. 167, overruled. *pp. 219-222.*

From the Delaware Circuit Court.   *Reversed.*

*Gavin, Coffin & Davis,* for appellant.

*John W. Ryan* and *William A. Thompson,* for appellee.

BLACK, J.—An action was brought against the appellant on a policy of insurance on the life of John A. Reid, by the appellee, Margaret Reid, his widow, as beneficiary, and judgment by default was rendered against the appellant on the 23rd of September, 1895.

It has been assigned as error that the court, when rendering judgment, had not jurisdiction of appellant. Another assignment is, that the court erred in overruling appellant's motion to set aside and hold for naught the judgment and default, and the sun-

mons and the service and the return thereof. The complaint alleged the appellant to be "a corporation organized under and pursuant to the laws of Indiana for the formation of life and accident insurance." The policy sued on as shown by the copy thereof filed with the complaint as an exhibit was a policy of the "Globe Accident Insurance Company, Indianapolis, Indiana," and in the body thereof there was mention of the home office at Indianapolis. The residence of the parties or the place where the contract was made was not otherwise shown by the complaint. The summons, dated September 12th, 1895, and made returnable on the 23rd day of the same month, the nineteenth day of the then present term, and also the sheriff's return thereon, are set forth in the transcript before us, the return showing that the summons came to hand on the day of its date, and that the sheriff served the writ "on the within named defendant Globe Accident Insurance Company, by reading the same to and in the hearing of Marshall C. Culver, agent of said company, and by giving him a true copy of this writ, he being the highest and only officer of said company found in my bailiwick. Dated September 12, 1895." It is shown by a bill of exceptions that on the 26th day of September, 1895, the appellant filed its motion to set aside and hold for naught the judgment and default and the summons and the service and return thereof, the grounds stated in the motion being that the appellant is a domestic corporation organized under and pursuant to the laws of this State providing for the incorporation of insurance companies; that the appellant's residence and only office at the commencement of the action and all the time are and have been in the city of Indianapolis, in Marion county, in this State; that the appellant had not then, and at the commencement

of this action had not, any office or domicile in the county of Delaware, in this State; "that this action is not connected with and does not grow out of the business of any office or agency of defendant in said county of Delaware; that there has been no service of process in this action on any officer, director, or stockholder of defendant, or on any person on whom process against the defendant lawfully could be served; that there has been no appearance or waiver of process in this action as shown by the record. Wherefore, defendant says this court had not jurisdiction of defendant when said judgment was rendered." In support of this motion the appellant filed the affidavits of Charles W. Oaks and Marshall C. Culver. The former swore that he was the secretary and manager of the appellant; that it was a corporation organized under and in accordance with the laws of the State of Indiana providing for the incorporation of insurance companies; that the residence and office of said company were in Indianapolis, Indiana, and that it had no other office, and at the time of the commencement of this action had no other office for the transaction of its business, except the office located at Indianapolis. Marshall C. Culver, in his affidavit, said that the action "did not and does not grow out of, and is not and was not connected with the business of any office or agency of said company located in the county of Delaware in the State of Indiana; that the alleged issue of said policy and the alleged death of said John A. Reid are not matters growing out of or connected with the business of any office of said company located in said county of Delaware." It was not sought to contradict the statement in the return that the person on whom it showed service was the appellant's agent in Delaware county, whatever might have been the effect of such an at-

tempted contradiction. Where some other provision is not made by statute, that of section 314, Burns' R. S. 1894, for the commencement of the action in the county where the defendants or one of them has his usual place of residence applies. The appellant bases its objection to the service of the summons upon section 310, Burns' R. S. 1894 (309, Horner's R. S. 1897), which provides: "When a corporation, company, or individual has an office or agency in any county for the transaction of business, any action growing out of, or connected with, the business of such office may be brought in the county where the office or agency is located, at the option of the plaintiff, as though the principal resided therein; and service upon any agent or clerk employed in the office or agency shall be sufficient service upon the principal; or process may be sent to any county, and served upon the principal." Our attention is called, on behalf of the appellee, to section 796 of the civil code of 1852, 2 R. S. 1852, p. 222, 2 Davis' R. S. 1876, p. 313, concerning which this court, in *Evansville, etc., R. R. Co.* v. *Spellbring*, 1 Ind. App, 167, held, that although it was omitted from the revision of 1881, it has never been repealed and is still in full force. It provides: "Any action against a corporation may be brought in any county, where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against such corporation, unless otherwise provided in this act."

Reference has also been made in argument for the appellee to the provisions of section 318, Burns' R. S. 1894, being section 57 of the code of 1881, as amended in 1893, relating solely to service of process on corporations, that "the process against either a domestic or foreign corporation may be served on the president, presiding officer, chairman of the board of trustees, or

Globe Accident Insurance Company *v.* Reid.

other chief officer (or if its chief officer is not found in the county, then upon its cashier, treasurer, director, secretary, clerk, general or special agent), etc."

In the corresponding section of the code of 1852, being section 36 thereof, 2 R. S. 1852, p. 35, 2 Davis' R. S. 1876, p. 48, the statute provided for service of process against a corporation, and not as in the code of 1881 against "either a domestic or foreign corporation."

In *Rauber* v. *Whitney*, 125 Ind. 216, where the action was against nonresidents of this State who had a store in the county wherein the action was brought, and the cause of action grew out of, and was connected with the business of the defendants in that county, and process was served on the agent of the defendants in that county, in charge of said business, it was held under section 310 (309), *supra*, that the court had jurisdiction. In *Indiana Ins. Co.* v. *Capeheart*, 108 Ind. 270, there was an application of the same section in an action against a domestic corporation. In *New Albany, etc., R. R. Co.* v. *Haskell*, 11 Ind. 301, it was said of section 310, *supra* (being section 30 of the code of 1852), that it provides simply that the plaintiff may, in a given case, at his option, sue in the county where the cause of action arose, whether process can or cannot be served in that county; and that its purpose, thus pointed out, is not in conflict with the position that the plaintiff may, as provided in said section 796, institute his action in any county where the corporation "has an office or an agent upon whom process may be served." In that case the action was brought in La Porte county against a railroad corporation of this State having its principal office and place of business in Floyd county, the plaintiff's claim not having grown out of, and not being connected with the office or agency in La Porte

county, the summons having been served on the defendant's agent in La Porte county. The Supreme Court having expressed the opinion that said section 310 did not prevent the plaintiff from proceeding as provided in said section 796, referred to the statute, section 33 of the code of 1852 (section 314, Burns' R. S. 1894 above mentioned), providing: "In all other cases, the action shall be commenced in the county where the defendants, or some one of them, has his usual place of residence;" and the court said: "Even if this provision is at all applicable to railroad corporations, which is doubtful, it would not be an unfair construction to say, that such corporations may be regarded as resident in each county in which they have an office or agency, or an officer or agent upon whom process may be served. This exposition gives entire effect to section 796, above quoted, and accords with at least one adjudicated case. *Indiana Mutual Ins. Co.* v. *Routledge*, 7 Ind. 25."

The case to which reference was thus made was an action against an insurance company of this State having its principal office in Marion county. The action, being on a policy, was brought in Vigo county, and service of process was had on an agent of the corporation residing and doing business for it in Vigo county. It was said by the court, "As a general rule, actions against corporations may be instituted in any county where the corporation has an office for the transaction of business, or any person resides upon whom process against such corporation may be served." And the court held that the service on the agent of the corporation while residing and doing business for it in Vigo county was strictly legal, referring to the pages of the statutes of 1852, on which are sections 36 and 796 of the code of 1852. In *State, ex rel.*, v. *Whitewater Valley Canal Co.*, 8 Ind. 320, where

the action was for a mandate to compel a canal corporation to rebuild a bridge across a river, and the canal company had its principal office and place of business in Fayette county, and the action against the corporation was brought in Dearborn county, and the court below, being of the opinion that the suit should have been commenced in Fayette county, sustained a motion to dismiss; the Supreme Court, referring to section 796 of the code of 1852, said: "As the plaintiff failed in the court below to state the grounds upon which he resisted the defendant's motion, and the record being otherwise silent on the subject, we must presume that there were before the court facts sufficient to justify its action under the section to which we have referred." *Evansville, etc., R. R. Co.* v. *Spellbring, supra,* decided by this court, was an action brought in Clay county against a domestic railroad corporation having its general offices in Vanderburgh county. The action was one to recover for medical services, and did not grow out of any business connected with any agency of the corporation in Clay county, or the office of such agent. It was held, that under section 796 of the code of 1852, still in force, there being no question that the process was served upon an agent of the corporation in Clay county, the court had jurisdiction, the case being said to be analogous to *New Albany, etc., R. R. Co.* v. *Haskell, supra.*

The appellant relies especially upon *Aetna Ins. Co.* v. *Black,* 80 Ind. 513. That was an action brought in Vigo county on a policy of fire insurance against a foreign insurance company, having its principal office in another state. Process was served on the defendant's agent in that county, but the action did not grow out of, and was not connected with, the business of any office or agency in that county.

The court, referring to section 796 of the code of 1852, said: "This section does not specify upon whom process may be served. And, as it is otherwise provided in this act that process can be served upon an agent only in special cases, the right to serve process on an agent must be limited to that class of cases, as specified in section 30, code of 1852." It was said that there were other provisions of the code providing for serving process on the agents of railroad corporations. The provisions thus referred to were not pointed out. But it was said that *New Albany, etc., R. R. Co.* v. *Haskell, supra,* was a case of that class, and not applicable. It was held that the court in Vigo county could not acquire jurisdiction of the defendant in that action by service of process on the local agent in that county. It does not appear whether or not the attention of the court was directed or given to section 36 of the code of 1852, providing how process against a corporation might be served. That section, as we have seen above, did not, as does the corresponding section 57 of the code of 1881, expressly specify both domestic and foreign corporations. The action was against a foreign corporation, and there are other decisions of the Supreme Court in cases against domestic corporations, which, as we have shown, seem to uphold the action of the court below now under review. In *Memphis, etc., Co.* v. *Pikey,* 142 Ind. 304, an action against a foreign corporation for wrongfully causing the death of the plaintiff's intestate, on the Ohio river, brought in Dearborn county, service of process upon a wharfmaster, agent of the defendant in that county, for receiving and discharging freight, and who made contracts there on account of the defendant for shipment and transportation of freight, and who there received money for the defendant and transmitted it to the

defendant, the return of the sheriff showing that there was no officer of the defendant in his bailiwick, it was held, was sufficient under the statutes of this State, and gave the court jurisdiction over the person of the defendant, the court quoting section 316, R. S. 1881, and referring to the provision of section 312, R. S. 1881, that in cases of nonresidents or persons having no permanent residence in the State, action may be commenced and process served in any county where they may be found. See, also, *Toledo, etc., R. W. Co.* v. *Owen,* 43 Ind. 405; *Supreme Council, etc.,* v. *Boyle,* 10 Ind. App. 301; *Western Union Tel. Co.* v. *Lindley,* 62 Ind. 371. If the service of process in the case at bar cannot be regarded as sustained by the decision in *Aetna Ins. Co.* v. *Black, supra,* we think it is supported by the later case of *Memphis, etc., Co.* v. *Pikey, supra.*

It is.assigned as error that the complaint does not state facts sufficient to constitute a cause of action. This appeal being from a judgment by default, we can not assume that anything was proved beyond what is shown in the complaint, and as against such an assignment, the complaint must be sufficient to have withstood a demurrer for want of sufficient facts. *Old* v. *Mohler,* 122 Ind. 594. In that case, the complaint being founded upon a written instrument, the pleader had failed to set out the original instrument or a copy thereof, a defect which has often been held to be cured by a verdict or finding; yet it was held that because of the absence of the instrument the complaint did not state facts sufficient to support a judgment .upon default, when tested by an appeal. See, also, *Blackwell* v. *Pendergast,* 132 Ind. 550; *Cleveland, etc., R. W. Co.* v. *Tyler,* 9 Ind. App. 689.

The objection urged against the complaint is, that the policy, as shown by the copy thereof made an exhibit, is not signed by the insurance company or by any person.

The policy so set forth commences as follows: "Globe Accident Insurance Company, Indianapolis, Indiana.   \*   \*   \*   insures John A. Reid," etc.   And the exhibit concludes as follows:

"In Witness the Globe Accident Insurance (L. S.)   Company affixes its corporate seal and signature of its President and Secretary, 23 January, 1894."

Thus the policy appears to have been sealed, the lettering or device of the seal not being indicated except as above, but the policy, as shown by the complaint, was not signed.   The exhibit must be regarded as controlling the averments of the pleading.   Something has been said in argument to the effect that parol contracts of insurance may be made when not prohibited by the charter of the insurance company, and that no special form of words is necessary; but the complaint before us is so plainly founded upon the written instrument, not embodied in the pleading, but filed with it as an exhibit, that no pretense to the contrary could have any plausible support.   It is only as the foundation of the action that the court can take notice of the exhibit.   Unless the policy has been executed in some valid manner, it cannot be regarded as a written contract.   By its language, in prescribing the form in which it is to be executed, it provides not only for the affixing of the corporate seal, but also for the signature of the president and secretary of the corporation.   It cannot be said to have been completely executed according to its own provisions.   At common law, as is well known, a corporation spoke only by its common seal.   Its contracts were valid only when its seal was affixed by a duly authorized agent, and a sealing was a sufficient execution of its deed without signing.   Where a statute expressly provides that a corporation may have and use a common seal,

it is but declaratory of an incidental power which a duly organized corporation possessed formerly at common law and still possesses. But the old common law requirement of the use of a seal by a corporation has been discarded, and where a corporation is merely authorized by statute to have and use a common seal, it need not use it in the execution of its ordinary contracts. Unless its charter or some statute requires it, a corporation need not use a seal except where a natural person would be required to use one; and no peculiar efficacy attaches now to a seal affixed to a contract merely because it is the seal of a corporation. Where it is used it must be affixed by an authorized officer or agent, but it has no greater effect or higher virtue upon the contract of the corporation than has the seal of a natural person affixed to his contract.

Our statute, section 454, Burns' R. S. 1894 (450, Horner's R. S. 1897), provides, that "there shall be no difference in evidence between sealed and unsealed writings; and every writing not sealed shall have the same force and effect that it would have if sealed."

The next section provides: "The execution of an instrument is the subscribing and delivering it, with or without affixing a seal."

In this State, it is not required by any statute that a policy of insurance, issued by a domestic corporation, shall be sealed. The provisions of sections 454, 455, Burns' R. S. 1894, above quoted, are applicable to such a written instrument.

In *Peoria, etc., Ins. Co.* v. *Walser*, 22 Ind. 73, the action was founded on a policy of insurance which was exhibited with the complaint. The policy commenced thus: "The Peoria Marine and Fire Insurance Company do insure," etc.; and it concluded thus: "In witness whereof the president of said insurance

company has hereunto subscribed his name and caused the same to be attested by their secretary, at," etc. "But the same shall not be valid until countersigned by A. Andrews, agent at," etc. It was countersigned by said agent, but it was not signed by the president or attested by the secretary. The complaint was held insufficient on demurrer, because the policy was but partially executed, and was therefore invalid. In *McMillen* v. *Terrell*, 23 Ind. 163, it was said: "Ordinarily, written obligations are executed by signing the names of the parties to be bound thereby at the bottom or close of the instruments. But this mode of execution is not essential to the validity of the instrument. The law does not prescribe the particular place where the obligor's name must be placed; it may be at the beginning or in the body, at the close or perhaps on the margin of the instrument; but wherever placed, it must be done with the intention of thereby executing it as the obligation of the party so signing it. If the signature is placed at the close, at the ordinary place of signature, the inference is that it was so placed as the final execution of the instrument. This inference, however, does not necessarily arise when the name is found at the commencement or in the body. In such case there should be some evidence, either in the form of the instrument or the circumstances attending the signature, showing that it was the intention of the party thereby to execute it."

In the *Wild Cat Branch* v. *Ball*, 45 Ind. 213, the action was upon a bond exhibited with the complaint, not sealed, containing the name of the principal in the body, and signed by the sureties, but not signed by the principal. It was held that the complaint was insufficient as against the principal, on demurrer. The court held that under our statute a seal was not necessary to the execution or validity of the bond;

and referring to the section of the statute quoted above as section 555, Burns' R. S. 1894, said that this section answered the question as to what was necessary to the valid execution of the instrument,—that it is the subscribing and delivering it. The court was of the opinion that in construing the statute (which does not prescribe a signing, but requires a subscribing) it should be regarded as intending a writing under, at the bottom or at the end of the instrument, and that though the name of the principal in the beginning of the bond were written there by himself, this could not be regarded as a subscribing, and that he could not be held liable upon any supposition that he adopted the name at the beginning; that whatever may have been the rule previously, he was not, according to the statute, bound by the bond, because he did not subscribe it.

Without regard to this strict construction of the statute, we could not consider the name of the appellant in the beginning of the policy as the signature of the insurer. Aside from the fact that a corporation cannot sign its own name, which can only be signed by an authorized agent, and aside from all other considerations pertinent to the subject, the policy at its conclusion indicates that its contemplated execution was to include signing by the president and secretary at the end of the instrument, and therefore the name at the beginning was not intended as the subscribing of the policy.

The statute prescribing what constitutes execution of an instrument cannot be ignored. The seal, if not required by some other statute, is wholly immaterial. It does not constitute a subscribing, and without subscribing as well as delivery the instrument is not fully executed. *Prather* v. *Ross*, 17 Ind. 495; *Nicholson* v. *Combs*, 90 Ind. 515; *Crumrine* v. *Estate of Crumrine*, 14 Ind. App. 641.

Globe Accident Insurance Company *v.* Reid.

While we are constrained to hold the complaint on the policy insufficient, it will not be understood that we decide or consider the question whether or not the appellee has another remedy.   Judgment reversed.

## ON PETITION FOR REHEARING.

BLACK, J.—A distinction is taken between domestic and foreign corporations as to the methods of acquiring jurisdiction in actions *in personam.*   A corporation organized under the laws of one state doing business in another state becomes liable to be sued and served in the latter state, not merely where the action relates to business done therein, but also in transitory actions arising in another state.   A corporation is not regarded as a citizen of a state within the meaning of the constitutional provision that the citizens of each state shall be entitled to all the privileges and immunities of citizens of the several states; and a state may impose conditions, not in conflict with the laws and constitution of the United States, on the transaction of business within its territory by corporations chartered elsewhere, or may exclude them, or revoke permission or license already given.   A corporation chartered in one state by doing business in another state, where, as a condition expressed or implied to its right to do business there, it must submit to be sued in the courts of such other state, waives the right to be sued in the place of its residence, the right of trial within the state, district or county of one's residence being a privilege which may be waived.   It is not necessary that such a condition to the right of doing business be expressly stated in the statute, though this is sometimes done.   If there be a statutory provision for service of summons upon foreign corporations by serving its officers or agents through which it is doing business in the state where the

transitory action is brought, then there is an implied condition that the corporation while operating in such state shall submit to the jurisdiction of its courts upon such service; and while it so does business by such officers or agents it waives thereby objection to jurisdiction *in personam* acquired by service on them. In such case, though the corporation resides in the state of its creation, it is "found" in the state where it is so sued and served. See *United States* v. *American Bell Tel. Co.*, 29 Fed. 17; Works Courts and Jurisdiction, section 43; Elliott on Railroads, section 621; Thompson on Corp., section 8019 *et seq.*

The residence of a corporation in the absence of statutory provisions on the subject is where its principal business is carried on, where its principal office or place of business is.

The legal situs of a corporation, its residence, for purposes of jurisdiction need not be so confined, however, but may by statutory provision be in any place where its franchises are exercised or business is done, or wherever it has an agent on whom process may be served. A corporation is necessarily represented by its officers and agents. A law which authorizes suit to be brought against a corporation in any county in which it transacts business through its agents has been said to be based upon sound reasons growing out of the difference between natural and artificial persons. *Home Protection, etc.*, v. *Richards*, 74 Ala. 466; *Mobile Life Ins. Co.* v. *Pruett*, 74 Ala. 487.

We have one class of statutory provisions designating where, in what county, actions may be brought, another indicating how service of process may be made. As a general rule, and in the absence of statutory provision, the venue for transitory actions against a corporation is only where it has its domicile, its real place of business. Thomp. Corp., section

7538.  A foreign corporation, having technically no residence in this State, may, within the meaning of the statute permitting service on nonresidents wherever found, be said to be found wherever service can be had as provided in the statute indicating how service may be made upon corporations.  But as to a domestic corporation, having its residence in a particular county, the venue must there be laid, unless there be some statutory provision permitting it to be sued elsewhere; and a statute which only provides how summons may be served on a corporation does not change this express requirement as to the venue, and such service can be made properly only in the county where the corporation has its residence.  See *Holgate* v. *Oregon Pac. R. R. Co.*, 16 Ore. 123, 17 Pac. 859.

. In some states, if the action is brought in the wrong county, the venue must be changed on showing this fact; but unless objection is made to the jurisdiction, the action is to be tried where brought.  Sometimes a nonsuit may be granted on the trial.  In some states, the rule is that the want of jurisdiction can be pleaded in abatement and raised by motion or demurrer.  See Brown on Jurisdiction, sections 35, 36. It is enacted in the proviso to section 346, Burns' R. S. 1894 (343, Horner's R. S. 1897), that "the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived."

In *Eel River R. R. Co.* v. *State, ex rel.*, 143 Ind. 231, it being contended on behalf of the defendant corporation that the action could be brought only in the county in which it resided, the place where its principal office was kept, the Supreme Court, holding that jurisdiction of the corporation, unless waived, could only have been acquired by summons in an action

brought in the county of its residence or in the county of the residence of a codefendant, yet decided that if the action was brought in the wrong county, the objection to the jurisdiction over the person of the corporation, if properly served with process, would be waived if not taken by answer or demurrer.

In the case now before us there was service of process in a mode prescribed by statute. The real question presented is one arising by way of objection that the action was brought in the wrong county. This is an objection which may be waived, and if not taken by answer or demurrer it "shall be deemed to have been waived." It was not so taken in this case.

In this application in the form of a motion to modify our former opinion, we are asked by the appellant to overrule the decision of this court in *Evansville, etc., R. R. Co.* v. *Spellbring*, 1 Ind. App. 167, that section 796 of the civil code of 1852 is still in force. The statute in which this section was embraced was entitled, "An act to revise, simplify and abridge the rules, practice, pleadings and forms in civil cases in the courts of this state—to abolish distinct forms of action at law, and to provide for the administration of justice in a uniform mode of pleading and practice without distinction between law and equity." Section 796, *supra*, was among some miscellaneous provisions of the statute, which also contained a section (802) as follows: "All laws inconsistent with the provisions of this act, are hereby repealed; but the repeal shall not operate to revive any former act. The laws and usages of this state relative to pleadings and practice in civil actions and proceedings, not inconsistent herewith, and so far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force." The civil code of 1881 is a revision of that of 1852, and is entitled, "An act concerning proceedings

in civil cases." Acts 1881, p. 240. Said sections 796 and 802 of the code of 1852 were not reenacted in the code of 1881, in the last section (867) of which it was provided: "All enactments of the general assembly on * * * the subject of pleading and practice, so far as they relate to circuit and superior courts, except as to pleadings in cases from inferior courts, are hereby repealed," etc. Section 1315, Burns' R. S. 1894 (1291, Horner's R. S. 1897).

In *Eel River R. R. Co.* v. *State, ex rel., supra,* it being claimed by the plaintiff that an act of 1858 relating to service of process upon corporations in certain cases specified, was still in force, though not included in the revision of 1881, the court was unable to find that it had been repealed.

It would seem that the subject of venue in a civil action belongs to the remedy or form of procedure. It is a matter with which parties or their attorneys have to do in the conduct of cases. The code of civil procedure provides that the complaint shall contain the title of the cause, specifying the name of the court and county in which the action is brought, and it also provides particularly and generally in what county the action shall be brought.

It does not necessarily follow from the omission of said section 802 that all *usages* which existed before its adoption, and which were by it expressly continued in force, were abolished by the adoption of the code of 1881.

But the code of 1881 was a revision of a statute. Without express words of repeal, where there is a revision of the whole subject-matter of a former statute, the revision repeals by implication, so far as it is repugnant to the old law, or when it evidently is intended by the legislature as a substitute.

In those provisions of the code prescribing where

actions must be commenced, after specifying certain cases, it is provided that "in all other cases, the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence." The omission of section 796 of the code of 1852 from the code of 1881 must be regarded as intentional; and it cannot be said that the circumstances therein contemplated are not covered by other provisions of the revision. It was said in *Burkett* v. *Holman,* 104 Ind. 6, 10, that the civil code of 1881 superseded and in effect repealed the civil code of 1852. Our statutory provisions in relation to an information in the nature of a *quo warranto* provide that it may be filed "in the circuit court of the proper county."

In *Eel River R. R. Co.* v. *State, ex rel., supra,* which was such a proceeding, the court held that, as there is no statutory provision authorizing actions such as that to be instituted elsewhere than in the county where the defendants reside, it must, as against a corporation, be brought in the county of its residence, or the county of the residence of a codefendant.

The writer of this opinion has always entertained some doubt concerning the decision which we are asked to overrule. It was rendered more than six years before the case at bar was heard, and in the meantime there had been three sessions of the General Assembly, and the section has been brought into various editions of our revised statutes. We perhaps might still hesitate to disturb that decision, were it not that further investigation and consideration has led us to conclude that no bad effect can follow. As we have seen, the objection as to the bringing of the action in the wrong county is waived, unless raised by answer or demurrer.

We are inclined to sustain the position of the appel-

lant that said section 796 is not in force, and therefore we overrule the decision to the contrary in *Evansville, etc., R. R. Co.* v. *Spellbring, supra.* The repealing section of the code of 1881 which we have quoted is not ineffective, and the subject of said section 796 is one relating, we think, to practice. It seems to have been so regarded by the legislature, being included in a statute under a title which described it as an act relating to pleading and practice. Furthermore, without such repealing section, there would be a repeal by reason of the revision of the entire statute in which said section occurs and of the manifestly purposed omission from the code of 1881, in which the subject is generally embraced in other provisions.

The modification which we now make does not require any change in the mandate at the close of our former opinion.