## ELLISON *v.* TOWNE.

[No. 4,101.   Filed November 15, 1904.]

1. APPEAL AND ERROR.—*Complaint.*—*Sufficiency.*—Where a complaint consists of several paragraphs, such paragraphs can not be questioned separately for the first time on appeal.   p. 22.

2. PLEADING.—*Complaint.*—*Demurrer.*—*Amendment.*—Where a de-' murrer to a paragraph of complaint is overruled and the defendant reserves an exception, and such paragraph is afterwards amended, but such demurrer is is not refiled, no question is presented.   p. 23.

3. SAME.—*Contract.*—*Complaint.*—*Sufficiency.*—Where a complaint is founded upon a contract in writing, such contract exhibited must show on its face all that is necessary to an express contract of the defendant, or it will be bad on demurrer.   p. 23.

4. CONTRACTS.—*Written.*—*Signature.*—*Presumption.*—Where the form of a contract indicates that it was to be executed by both parties and no name appears in the body of the contract except defendant's, and it is signed by the plaintiff alone, the court can not presume that the name of the defendant in the body of such instrument was intended as a signature.   p. 24.

5. SAME.—*Execution.*—The execution of a contract in writing includes the subscribing thereof and the delivery by the subscriber.   p. 24.

6. PLEADING.—*Theory.*—A .complaint must proceed upon a definite theory, and in an action for damages for breach of a contract in writing, where the writing was in the form of a bilateral contract, but not signed by the defendant, such action can not be sustained on such theory.   p. 24.

From Allen Circuit Court; *J. H. Aiken,* Judge.

Action by Herbert N. Towne against Thomas E. Ellison. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*H. C. Hanna* and *H. G. Keegan,* for appellant.
*T. W. Wilson,* for appellee.

BLACK, C. J.—1.   The appellee's complaint consisted of four paragraphs, the first of which was amended.   The appellant in his assignment of errors, by specifications thereof addressed respectively to the several paragraphs, has sought

to question their sufficiency separately. Though the complaint as a whole, however many paragraphs it may have, may be attacked by assignment of error for want of sufficient facts, such initial attack can not be made upon the paragraphs severally of a complaint containing a number of paragraphs.

2. It is also assigned that the court erred in overruling the demurrer to the amended first paragraph. A demurrer addressed to the separate paragraphs of the original complaint was overruled, and thereafter the appellee filed his amended first paragraph, and no demurrer thereto appears to have been filed. The overruling of the demurrer to each of the other paragraphs is properly assigned as error. The specification relating to the fourth paragraph is expressly waived in the brief for the appellant.

3. In the second and third paragraphs the appellee sought the recovery of damages for the appellant's breach of an alleged contract in writing, a copy of which is filed with the complaint as an exhibit. The instrument thus declared upon as a written contract purports in the body thereof to be an agreement, the appellant being named as one of the parties, but no person being named as the other party. In the places where the name of the other party should appear there are blank spaces filled with dashes. The writing expresses some things to be done by the appellant and many things to be done by "————," there being no name but that of the appellant in the body of the instrument, at the end of which is the following: "Signed. H. N. Towne." This written instrument, not signed by the appellant, is filed with the paragraphs of complaint, as an exhibit showing an entire contract in writing on which the suit is based. Therefore, to make the paragraphs in question sufficient on demurrer, the instrument exhibited should show on its face all that is necessary to an express contract of the person sued thereon.

4. The form of the instrument indicated that it was intended to be executed by both the parties to the contract when completed. In the body of the writing it purports to be an executory contract between the appellant on the one part, and no person, or no named or designated person, on the other part; and it is signed by the appellee alone. It is averred in each of these paragraphs that the appellee and the appellant entered into a contract in writing, "a copy of which is filed herewith, whereby," etc. It can not be presumed that the name of the appellant in the body of the instrument was placed there by him by way of his signature to the contract, in the absence, at least, of an averment to such effect, the form of the instrument indicating that it was to be signed at the end thereof by both parties thereto.

5. The execution of the instrument by the appellant as his written contract included the subscribing and the delivery thereof by him. §455 Burns 1901, §451 R. S. 1881; *Wild Cat Branch* v. *Ball* (1873), 45 Ind. 213; *Globe Accident Ins. Co.* v. *Reid* (1898), 19 Ind. App. 203.

6. The complaint must proceed upon a consistent theory. The second and third paragraphs proceed for recovery of damages as for a breach of a written contract filed as an exhibit and controlling the averments of the pleading, the writing being not in the form of a unilateral contract, but in the form of an executory agreement not executed by the appellant.

It is not intended to intimate that upon proper facts pleaded the writing might not be made available in an action brought by the party who signed against the party who did not sign; but in such case it would not be proper to make the writing an exhibit. The statute provides: "When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading." §365 Burns 1901, §362 R. S. 1881. If the action is not founded on the written instrument, as

such, all the facts constituting the cause of action should be stated in the complaint itself "in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended" (§341 Burns 1901, §338 R. S. 1881), though, if it constitute a part of such facts, the incomplete instrument may be inserted in the body of the pleading, with proper averments relating to it.

We think the court erred in overruling the demurrer to the second and third paragraphs of the complaint. Judgment reversed.