The Corporation of Bluffton *v.* Mathews.

---

No. 10,354.

THE CORPORATION OF BLUFFTON *v.* MATHEWS.

NEGLIGENCE.—*Complaint for Personal Injury.*—*Town.*—*Street.*—A complaint against a town to recover for a personal injury, in consequence of falling into an excavation in a street, which fails to show that the town was

chargeable with fault *at the time* of the injury, or that the injury was *caused* by the wrongful act or omission of the town, is bad on demurrer.

From the Wells Circuit Court.

*J. S. Daily* and *L. Mock,* for appellant.

*J. T. France* and — *French,* for appellee.

BLACK, C.—The appellee Matilda J. Mathews brought her action against the appellant and one Morgan. The complaint alleged that said Morgan, on the 24th day of October, 1881, was engaged in the erection of a certain brick building on lot numbered fifty-two in the town of Bluffton, as known and designated on the recorded plat of said town of Bluffton, in Wells county, Indiana, and fronting on East Market street, one of the public streets and thoroughfares of said town ; that said Morgan had full possession of said lot under a contract for the building of said brick building for Lent Williamson and George A. Williamson ; that in the erection of said building said Morgan caused an excavation to be made for a cellar under said building, of the full size of said lot on said street, and caused two certain excavations to be made in the sidewalk adjoining said lot, and on said public street and thoroughfare, and of the depth of about six feet, and each of the length of ten feet running parallel with said cellar and sidewalk, and of the width of six feet, extending very nearly across said sidewalk from said cellar and opening into said cellar ; that said incorporated town of Bluffton and said Morgan suffered and permitted said two excavations in said sidewalk to be made, and negligently, wrongfully and unjustly suffered and permitted the same to remain open, and the passage of said sidewalk to be obstructed and rendered dangerous to persons passing along said sidewalk along said lot, for a long and unreasonable length of time, to wit, for the space of about five weeks ; that said sidewalk was constantly frequented and used by persons passing to and fro by said lot; that "the said defendant" negligently, wrongfully and unjustly left the said excavations in said sidewalk along said lot uncovered and unprotected, and without

The Corporation of Bluffton v. Mathews.

any barriers or guards to prevent persons passing along said sidewalk and lot from falling into said excavations in said sidewalk; that on the 24th of October, 1881, the said defendants negligently left, suffered and permitted said excavations in said sidewalk along said lot to be uncovered, and without any guards or barriers or lights, to prevent persons from falling into said excavations while passing along said sidewalk and lot with due caution; "that on the evening of the — day of ———, 1881, plaintiff, without any fault or negligence on her part, and while with due caution passing along said sidewalk, was precipitated and fell into said excavation in said sidewalk, to the depth of said excavation, and striking the bottom thereof with great force and violence, by means whereof she was greatly injured, and was sick and sore for a long time, and suffered greatly, and paid out large sums of money, to wit, five hundred dollars, for medical and surgical treatment, and suffered damages in the sum of five thousand dollars. Wherefore," etc.

The appellant answered in two paragraphs, the first being a general denial; the second setting forth matter of special defence. The appellee demurred to the second paragraph. The demurrer was sustained, and the appellant excepted to this ruling.

The appellee dismissed the action as to the defendant Morgan, and the cause was then tried by jury. The verdict was for the appellee, her damages being assessed at $700. A motion for a new trial, made by the appellant, having been overruled, judgment was rendered on the verdict.

The appellant has assigned as errors: *First.* That the complaint does not state facts sufficient to constitute a cause of action; *Second.* That the court erred in sustaining the demurrer to the second paragraph of answer; and, *Third.* That it erred in overruling the motion for a new trial.

It is not needed that we should determine whether the complaint should be regarded as sufficient, if the question as to its sufficiency were first raised after verdict. Under the

second specification in the assignment of errors the judgment must be reversed, if the complaint was not good on demurrer for want of sufficient facts. *Batty* v. *Fout*, 54 Ind. 482; *Fox* v. *Wray*, 56 Ind. 423; *Eve* v. *Louis*, 91 Ind. 457.

To render the appellant liable it was necessary to show, in the complaint, by the averment of issuable facts, a wrong on the part of the appellant and damage to the appellee, and that the wrong was the proximate cause of the damage. The complaint did not show that when the appellee was injured the appellant was chargeable with fault, or that her injury was caused by the appellant's wrongful act or omission.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the appellee's costs, and the cause is remanded with instructions to sustain to the complaint the demurrer to the second paragraph of the answer.

