Filed March 29, 1892.

---

No. 408.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY v. ENGRER.

PRACTICE.—*Complaint.*—*Motion to Make more Specific.*—*How made Part of
Record.*—A motion to require the plaintiff to make his complaint more
specific can only become part of the record by bill of exceptions or order
of court, and when it has been merely copied in the transcript, but does
not constitute a part of the record by virtue of section 650, R. S. 1881,
it can not be made a part of a bill of exceptions or be brought into the
record by reference to it as having been theretofore set out in the
record.

PLEADING.—*Action for Negligence.*—*Complaint.*—*Averments as to Negligent Act
or Omission.*—The complaint in an action for negligence must show that
the plaintiff's injury was caused or occasioned by the negligence alleged.
It is not enough to charge the defendant with a negligent act or omis-
sion ; it must also be shown with reasonable certainty that such act or
omission was the direct or proximate cause of the injury, or the com-

plaint will be bad on demurrer. The particulars of the negligence, however, or the circumstances which made it negligent, need not be set out.

From the Clark Circuit Court.

*J. K. Marsh*, for appellant.

*M. Z. Stannard*, for appellee.

BLACK, J.—The overruling of the appellant's motion to require the appellee to make his complaint more specific is assigned as error.

Such a motion can not become part of the record except by bill of exceptions or order of court. Section 650, R. S. 1881; *Board, etc.*, v. *Hill*, 115 Ind. 316.

The appellant sought to save its exception to this ruling by a bill of exceptions, but it does not contain the motion, which is referred to in the bill as follows : " (Heretofore set out in the record, on page 4.)"

A written instrument copied in the transcript, but not constituting a part of the record by virtue of the statute, can not be made part of a bill of exceptions, or be brought into the record by thus referring to it. *Kesler* v. *Myers*, 41 Ind. 543; *Board, etc.*, v. *Karp*, 90 Ind. 236.

The appellant's demurrer to the complaint for want of sufficient facts was overruled.

The action was for injury to the appellee's person and to his horse and wagon, caused by a collision with the appellant's locomotive and train of cars at a public crossing.

The allegations of the complaint relating to the manner in which the injury was caused were as follows:

" That as the plaintiff, who was seated in said wagon and driving along said highway, approached said crossing and was proceeding to cross said railroad track, at said point of intersection, and while he was wholly without fault, the defendant caused one of its locomotives, with a train of cars attached thereto, to pass rapidly along

The Ohio and Mississippi Railway Company *v.* Engrer.

said railroad track and over said crossing, and in so doing negligently and carelessly omitted to give any signal of its approach by bell, whistle or otherwise; that while said locomotive and cars were being run along said track and over said crossing, in the negligent and careless manner aforesaid, the same ran against and upon said plaintiff and his horse and wagon, striking against and colliding with them with great force and violence; that as plaintiff approached said crossing, as aforesaid, and before and at the time he attempted to so cross the same, he looked and listened for approaching trains on said railroad, but neither saw nor heard the locomotive or train which so ran against and upon him, nor any evidence or warning of its approach, on account of a deep cut through which it passed just before crossing said highway, which obscured said train from view."

After describing the injuries inflicted and the expenses incurred, the complaint continues:

"The foregoing injuries were occasioned by the negligence and carelessness of the defendant, and without the fault or negligence of the plaintiff."

Only that negligence which is the proximate cause of damage creates liability. The injury for which recovery may be sought must appear to have been the proximate consequence of an act or omission complained of. *City of Greencastle* v. *Martin*, 74 Ind. 449, 457.

The complaint in an action for negligence must show that the plaintiff's injury was caused or occasioned by the negligence alleged. It is not enough to charge the defendant with a negligent act or omission; it must also be shown with reasonable certainty that such act or omission was the direct or proximate cause of the injury, or the complaint will be bad on demurrer. *Pittsburgh, etc., R. R. Co.* v. *Conn*, 104 Ind. 64; *Pennsylvania Co.* v. *Gallentine*, 77 Ind. 322; *Corporation of Bluffton* v. *Mathews*, 92 Ind. 213.

The Ohio and Mississippi Railway Company v. Engrer.

When an act is alleged as having caused the injury complained of, it is sufficient to state that such act was negligently done, without setting forth the particulars of the negligence or the circumstances which made it negligent. *Ohio, etc., R. R. Co.* v. *Selby*, 47 Ind. 471; *Duffy* v. *Howard*, 77 Ind. 182; *Boyce* v. *Fitzpatrick*, 80 Ind. 526.

But the act which was characterized by negligence must be stated. *Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 29 Ind. 426.

The injury must be shown to have been caused or occasioned by some act or omission which is alleged to have been negligent.

In the complaint before us, after the description of the injuries suffered, it is alleged that they were occasioned by the negligence and carelessness of the appellant. In this connection no act or omission is mentioned, and no reference is here made to any act or omission or any negligence before mentioned.

In the former part of the complaint it is alleged that the appellant caused its locomotive and train to pass rapidly along the railroad track and over the crossing, and in so doing negligently and carelessly omitted to give any signal of its approach by bell, whistle or otherwise, and that while said locomotive and train were being run along said track and over said crossing in the negligent and careless manner aforesaid the same ran against the appellee, etc.

It is not shown that the injury alleged was caused by any act or omission stated. This was a material defect. The appellant was entitled to a statement of the cause of action in plain and concise language, showing that the alleged injury was caused or occasioned by some act or omission stated and alleged to have been negligent.

The judgment is reversed, and the cause is remanded, with instruction to sustain the demurrer to the complaint.

Filed March 29, 1892.