## LAKE ERIE AND WESTERN RAILWAY COMPANY *v.* MIKESELL.

### [No. 2,916.   Filed November 29, 1899.]

PLEADING.—*Recitals.—Conclusions.—Railroads.—*A complaint against a railroad company charging that defendant, while wrongfully and unlawfully engaged in running a train of cars within the corporate limits of the city at a faster rate of speed than four miles an hour, contrary to and in violation of an ordinance of such city, struck and killed decedent, cannot be said to aver as facts that there was in force at the time an ordinance limiting the speed of trains to four miles an hour, and that the particular train was running beyond the ordinance rate. *pp. 396, 397.*

NEGLIGENCE.—*Proximate Cause.—Negligence Per Se.—*It does not necessarily follow from the fact that an injury happened at a time when defendant was violating a city ordinance, constituting negligence *per se*, that the injury occurred because of the violation, nor does such fact dispense with the requirement imposed upon plaintiff to show that such negligence was the proximate cause of the injury sued for. *pp. 397, 398.*

From the Montgomery Circuit Court.    *Reversed.*

*J. B. Cockrum, C. G. Guenther, A. B. Clark, B. Crane,* and *A. B. Anderson,* for appellant.

*W. H. Johnston, C. Johnston, O. E. Brumbaugh* and *J. Combs,* for appellee.

ROBINSON, J.—A demurrer to each of the three paragraphs of amended complaint was overruled in the Clinton Circuit Court, after which the venue was changed to the Montgomery Circuit Court.

The third paragraph, which alone is questioned in argument, avers that appellee is the father of Eunice Mikesell, an infant daughter now deceased, who, prior to November 3, 1897, was a member of his family and lived with him as such; that appellant's road runs through the city of Frankfort on a public highway known as Ohio street; "That on the third day of November, 1897, the said Eunice Mikesell was walking homeward from school on a public highway of said city known as O'Neil street, which crosses said railroad, and when she was in the act of crossing said railroad at the point where it crosses O'Neil street, the defendant, by itself, its agents, servants and employes, while wrongfully and unlawfully engaged in running its certain railroad train consisting of a locomotive engine, tender, and cars, over and upon its railroad within the corporate limits of the city of Frankfort, county of Clinton, and State of Indiana, at a faster rate of speed than four miles an hour, contrary to and in violation of sections one and two of an ordinance of the city of Frankfort, passed and ordained by the common council of said city on the 27th day of November, 1889, in a rude, violent and reckless manner, ran its said railroad train against, over and upon said decedent, and then and there and thereby while being so engaged in the commission of said wrongful and unlawful act, in a rude, violent and reckless manner struck, injured, bruised, wounded and killed said Eunice Mikesell, now deceased, without any fault or

negligence on her part, and without any fault or negligence on the part of her father, the plaintiff herein." Facts are further averred showing appellee's damages.

It is a well established rule of pleading, both at common law and under the code, that facts must be stated by direct averment, and not given by way of recital. A complainant must aver, and not merely recite, that which is introductory to an averment. Facts can not be gathered by mere conjecture from an ambiguous or doubtful pleading. A pleader's conclusion may or may not be drawn from material facts. If the material facts are stated, the pleader's conclusion is harmless, but without the material facts his conclusion is fruitless.

In this paragraph the pleader sought to establish the company's negligence by showing it had omitted a certain duty; that by showing this omission of duty negligence would arise as matter of law. The complaint does not aver that there was in force at the time an ordinance limiting the speed of trains to four miles an hour. By way of recital it is said the train was running faster than four miles an hour, in violation of an ordinance passed some eight years before this accident happened. It can not be said that the complaint avers as facts that there was in force at the time an ordinance and that it limited the speed of trains to four miles an hour, and that the particular train was running beyond the ordinance rate. These facts can only be gathered by inference and conjecture, in violation of a long settled rule of pleading. *Cummins* v. *City of Seymour,* 79 Ind. 491, 41 Am. Rep. 618; *Brickey* v. *Irwin,* 122 Ind. 51; *Chicago, etc.; R. Co.* v. *Lee,* 17 Ind. App. 215; *Jackson School Tp.* v. *Farlow,* 75 Ind. 118; *Pittsburgh, etc., R. Co.* v. *Moore,* 152 Ind. 345, 44 L. R. A. 638.

Had the fact of the ordinance been averred together with the rate at which the train was running, a court could have said, as matter of law, whether or not the company was at the time violating the ordinance. This conclusion has

been pleaded, but as it is not a statement of facts it can not aid the complaint. *Singer, etc., Co.* v. *Effinger,* 79 Ind. 264; *Kleyla* v. *Haskett,* 112 Ind. 515.

The fact that a certain omitted duty constituted negligence *per se* does not dispense with the requirement imposed upon the complaining party to show that this imputed negligence was a proximate cause of the injury sued for. Is it shown that the injury would not have occurred just as it did occur had there been no violation of the ordinance as attempted to be charged? There are no facts averred which affirmatively show that the accident was due to the negligence of appellant in failing to run its train within the rate of speed fixed by the ordinance. *Baltimore, etc., R. Co.* v. *Conoyer,* 149 Ind. 524. See *Evansville, etc., R. Co.* v. *Krapf,* 143 Ind. 647. Because the injury happened at a time when appellant was violating an ordinance it does not necessarily follow that the injury occurred because of the violation.

We cannot agree with appellee's counsel that the statements concerning the city ordinance and its violation may be treated as surplusage and the complaint still be held good. The theory of the complaint is that the company was negligent in running its train in violation of an ordinance. It is averred that the company "while wrongfully and unlawfully engaged" in running its train faster than four miles an hour, contrary to an ordinance of the city, etc. Even eliminating from the pleading all statements concerning the ordinance and its violation, there is nothing left to show the company's negligence. Not only is it apparent that the theory of the pleading is omission to observe the ordinance, but the record shows that theory was carried out at the trial, and the jury was instructed, at appellee's request, upon the question of the ordinance.

The demurrer to the third paragraph of complaint should have been sustained. Judgment reversed.