## The South Chicago City Railway Company *v.* Moltrum.

[No. 3,108.    Filed April 24, 1901.]

PLEADING.— *Complaint.—Personal Injury.—Clearness of Statement.* —A complaint alleged that plaintiff was being carried as a passenger on a street car in consideration of a certain fare paid to the defendant; that such car by the negligence of the defendants in the managing and running their cars was struck, run into and caused to

collide with a car being run upon the tracks of one of the defendants; and that in said collision "plaintiff was struck and injured; and that said accident, collision and bruises, etc." were caused on account of the carelessness and negligence of the defendants. *Held*, that the complaint was insufficient on demurrer for want of facts, since no designated negligence by defendants causing the injury was shown, and did not comply with §341 Burns 1894, requiring a statement in plain and concise language, so as to enable a person of common understanding to know what is intended.

From the Porter Circuit Court. *Reversed.*

*P. Crumpacker, S. A. Lynde* and *W. Fish,* for appellant.

*A. F. Knotts,* for appellee.

BLACK, J.—The appellee brought his action against the appellant and the Calumet Electric Street Railway Company and John C. McKeon, receiver of the latter company, to recover damages for personal injuries sustained by the appellee while a passenger on a car of the Calumet Electric Street Railway Company. The judgment was in favor of the appellee against appellant alone. The complaint originally was in three paragraphs, the first and second of which were struck out. The appellant's separate demurrer to the third paragraph for want of sufficient facts was overruled.

This paragraph, after formal introductory averments, proceeded as follows: "That on the 4th day of July, 1897, the defendant, the Calumet Electric Street Railway Company, by and through its said receiver, his agents and employes, in consideration of the sum of five cents, which was then and there paid by and for the plaintiff to said defendant, received the plaintiff as a passenger on said cars" (this being the first mention of cars in the pleading) "in the county of Cook and State of Illinois, then and there being operated by said defendant, Calumet Electric Street Railway Company, upon its said track in the county of Cook and State of Illinois, for carrying passengers; that while said plaintiff was being carried and conducted as a passenger by virtue of said payment and contract on said Calumet

Electric Street Railway Company's car over and along and upon a street known as Railroad avenue, in and along and upon which street said Calumet Electric Street Railway Company's tracks were then and there located, in the city of Chicago, Cook county, Illinois, the car in which the plaintiff was then and there riding was, by and through tho fault and carelessness and negligence of the defendant, Calumet Electric Street Railway Company, and said John C. McKeon, receiver, and South Chicago City Railway Company, their officers, agents and servants, in conducting and managing the running of their said street cars, and without any fault or carelessness or negligence on the part of the plaintiff, then and there struck, ran into and caused to collide with a certain street car then and there being run upon the tracks of said South Chicago City Railway Company, located and then and there being operated in and along and upon what is known as Seventy-fifth street, in the city of Chicago, Cook county, Illinois, by the said defendant South Chicago City Railway Company, its officers, agents and employes; that the plaintiff was, then and there, at and in said collision, and without any fault or carelessness or negligence on his part, struck," etc., the appellee's injury being described, its effects stated, and his consequent expenses averred. The pleading continued as follows: "That all of said accident, collision, bruises, wounds, injuries, pain, and suffering, and the expenses connected therewith, were caused on account of the carelessness and negligence of the defendant, Calumet Electric Street Railway Company, and the said John C. McKeon, receiver, and the South Chicago City Railway Company, and each of them, and without carelessness or negligence whatever on the part of the plaintiff. Wherefore," etc.

It is contended on behalf of the appellant that, as against it, this pleading does not sufficiently show actionable negligence. The averments to be construed in determining this question are, in effect, that while the appellee was being

carried as a passenger on a car of the Calumet Electric Street Railway Company operated by it upon its own track on and along Railroad avenue, in consideration of specified fare paid by him to that company, this car, by and through the fault and carelessness and negligence of the defendants, being the company whose passenger he was and its receiver and the appellant, in conducting and managing the running of "their said street cars", was struck (by what is not stated), run into (by what is not alleged), and caused to collide with "a certain street car", not before mentioned in this pleading, "then and there being run upon the tracks of" the appellant, located and operated in and along and upon Seventy-fifth street by the appellant; that "at and in said collision" he was struck and injured; that "said accident, collision, bruises," etc., "were caused on account of the carelessness and negligence of the defendants," being the appellant and others.

This complaint lacks the definiteness requisite in pleading. It does not show sufficiently a duty owed by the appellant toward the appellee and the breach thereof on the part of the appellant and damage to the appellee consequent upon such breach. Upon the facts stated there does not appear to have been any duty on the part of the appellant in the conducting and managing of the running of the car in which the appellee was riding; and no negligence in conducting and managing the running of the "certain street car" which was being run on the track of the appellant is stated. If the averment that the car in which the appellee was riding was struck, etc., by and through the fault and carelessness and negligence of the defendants in conducting and managing the running of "their said street cars," could be construed as relating to and including the car of the appellant, yet it might be doubted whether actionable negligence of the appellant could be said to be sufficiently shown. Such an averment of negligence would seem at least open to objection by way of motion; more we need not now decide.

It is alleged that the appellee "at and in said collision" was struck and injured. This does not properly show that his injury was caused by any designated negligence of the appellant, or as the result thereof. At the close of the pleading it is alleged that the collision and the appellee's injury were caused on account of the carelessness and negligence of the defendant, but to what carelessness and negligence they are here attributed the pleading does not point.

It is a reasonable rule prescribed by our code, that the complaint shall contain "a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." §341 Burns 1894, §338 Horner 1897. And, while mere uncertainty in the averments of the pleading must be reached by a motion to make more certain, a cause of action must be shown by the language used, to render the pleading sufficient on demurrer.

The judgment is reversed, and the cause is remanded, with instruction to sustain the appellant's demurrer to the third paragraph of complaint.