## TOLEDO, ST. LOUIS & WESTERN RAILROAD COMPANY v. BEERY ET AL.

[No. 4,516. Filed November 3, 1903.]

PLEADING.—*Demurrer.*—*Form.*—A demurrer to a complaint "for the reason that said complaint does not state a cause of action," though not in the form of the statute, is sufficient to question the complaint under the fifth statutory cause. *p. 557.*

NEGLIGENCE.—*Carriers.*—*Complaint.*—*Proximate Cause.*—*Railroads.*—A complaint against a railroad company for damages for injury to a car load of horses alleging that it was the duty of defendant to place the car at the chute at the stock-yards upon arrival at its destination so that the stock might be unloaded, and that defendant not only failed so to place the car, but refused to do so when requested, and that, disregarding its duty and plaintiffs' request, the car was placed by defendant among other cars, away from

the chute, and in a position where it was impossible to unload the horses, leaving the car and horses so situated until the next day, and during the time the horses were in defendant's charge, and while standing on the side-track they became and were injured, to such an extent that when they were unloaded from the car two of the horses died, and others were crippled, while showing negligence, does not show that the negligence charged was the proximate cause of the injury. *pp. 558–561.*

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Action by Daniel W. Beery and another against the Toledo, St. Louis & Western Railroad Company. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*C. G. Guenther, Braden Clark, Clarance Brown* and *C. A. Schmetau,* for appellant.

*Shaffer Peterson, Wilmer Leonard* and *Elmer Leonard,* for appellees.

Robinson, C. J.—Suit by appellees for damages for injury to a car load of horses. A demurrer to the complaint "for the reason that said complaint does not state a cause of action" was overruled. This ruling is the first error assigned.

It is suggested by counsel for appellees that the demurrer is not in form as the statute requires. But we think it sufficient to question the complaint under the fifth statutory cause for demurrer. The form used could not reasonably be said to come within any of the other statutory causes for a demurrer. Demurrers have been held sufficient in form where a demurrer to several paragraphs of answer was on the ground that neither paragraph "states facts sufficient" *(Ross* v. *Menefee,* 125 Ind. 432); and to a complaint that it "does not state facts sufficient" *(Petty v. Board, etc.,* 70 Ind. 290); and that the complaint "does not state facts enough to entitle the plaintiff to relief" *(Pace* v. *Oppenheim,* 12 Ind. 533); and that the complaint "does not contain and set forth sufficient facts to enable the plaintiffs to sustain said action" *(Stanley* v. *Peeples,* 13 Ind. 232). Demurrers on the ground that the com-

Toledo, etc., R. Co. v. Beery.

plaint is "not good and sufficient in law" *(Porter* v. *Wilson,* 35 Ind. 348); and that the complaint "does not state facts sufficient to constitute a complaint" *(Pine Civil Tp.* v. *Huber Mfg. Co.,* 83 Ind. 121); and that "the petition does not state facts sufficient to constitute a good and sufficient petition" *(Grubbs* v. *King,* 117 Ind. 243)—were held insufficient in form to present any question. The statute requires that the complaint shall contain "a statement of the facts constituting the cause of action." The cause of action between the parties consists of a statement of the facts, and when the demurrer says that the complaint does not state a cause of action, the necessary implication is, under this statutory designation of what constitutes the cause of action, that the complaint does not state sufficient facts.

The complaint avers that on July 24, 1901, appellees shipped thirty horses over appellant's road, with directions to appellant to deliver to themselves at Russiaville, a town on appellant's road; that the shipment was made in time so that the horses could be delivered at such station before the morning of July 25, 1901, at which date appellees had advertised a sale of the horses; that appellant accepted the horses, which were then in good condition—the freight charges having been paid in advance—and placed the car in one of its freight-trains which reached Russiaville about 11 o'clock of the night of July 24, 1901; that at that time appellees had at the place an experienced representative who understood the business of unloading horses from cars into stock-yards, at which place appellant had a stock-yard with a chute made for the purpose of receiving stock from the cars and transferring them to the stock-yards; that it was appellant's duty to place the car at and in connection with the chute; that a representative of appellees at the arrival of the train requested appellant's employes in charge of the train properly to set the car at the chute so that the same might be unloaded; that this the employes

refused to do, but set off the car among a large number of other freight-cars on a side-track away from the stock-yards and away from the chute, and in such condition that it was impossible for appellees to unload, leaving the car and horses so situated until about the hour of 10 o'clock the following day, July 25, 1901, at which time appellant sent another engine, and placed the car at the chute, and unloaded them from the car; that "during the time the said car load of horses were in the defendant's charge, and while standing on her side-track at Russiaville, they became and were injured to such an extent that when they were unloaded from said car by the defendant two shortly thereafter died, others were crippled, maimed, and bruised to such an extent that they were worthless, so much so that the entire car load were rendered useless and worthless to plaintiffs, and when they were requested by defendant's agents and employes to receive said horses they refused them, and left them in the possession of the defendant company; that at the time this defendant received said car load of horses for shipment they were reasonably worth $40 per head, making a total value of $1,200; that plaintiffs requested the defendant company to adjust said loss, which they refused to do; that said request was made of defendant before plaintiffs refused to receive said horses from the defendant. The injury to plaintiffs' horses was caused wholly on account of the negligence of the defendant, and without any fault or negligence on the part of the plaintiffs. By reason of the fault of the defendant, plaintiffs were damaged $1,200, for which they demand judgment in the sum of $1,200, and all other proper relief."

This is an action in tort. It is predicated upon appellant's negligence. It is argued against the sufficiency of the complaint that it fails to charge negligence, and that if it does charge negligence it fails to connect such negligence with the injuries complained of. It is averred that it was appellant's duty to place the car at the chute at the stock-

yards upon arrival at its destination so that the stock might be unloaded. It is also averred that appellant not only failed so to place the car, but refused to do so when requested, and that, disregarding its duty and appellees' request, the car was placed by appellant among other cars away from the chute and in a position where it was impossible to unload the horses. That such a duty rested upon appellant is admitted for the purpose of the demurrer. If it was in fact charged with such a duty, its failure to perform it would be no less negligent than its failure to perform a statutory duty. The only difference in the two instances is that in the former the duty must be proved, while in the latter it is fixed by statute. The omission to perform the duty charged was negligence.

But the complaint fails to show this imputed negligence was the proximate cause of the injury. It is simply charged that during the time the car load of horses was in appellant's charge, and while standing on the side-track, they became and were injured. Whether they were injured because of having been left on the side-track, or whether they were injured from some cause with which appellant had nothing to do, is left to conjecture. No facts are averred to show whether injury would necessarily and naturally result to horses left as these were, and that appellant knew such to be the fact. No facts are averred which to a certainty raise the presumption that the injury was the result of the negligence charged. It is not charged that the horses were injured by reason of having been left as they were. So far as informed by the complaint, the injury might have occurred just as it did occur had there been no omission of duty on appellant's part. The pleading shows no connection between the negligence charged and the injury in the way of cause and effect. The injury is averred, but the complaint does not aver what caused it, nor does it aver facts from which it can be said that the injury complained of must necessarily have occurred from the negli-

gent act charged. *Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322; *Pittsburgh, etc., R. Co.* v. *Conn,* 104 Ind. 64; *Pennsylvania Co.* v. *Marion,* 104 Ind. 239; *Harris* v. *Board, etc.,* 121 Ind. 299; *Evansville, etc., R. Co.* v. *Krapf,* 143 Ind. 647; *Baltimore, etc., R. Co.* v. *Young,* 146 Ind. 374; *Chicago, etc., R. Co.* v. *Thomas,* 147 Ind. 35; *Lake Erie, etc., R. Co.* v. *Mikesell,* 23 Ind. App. 395; *South Chicago City R. Co.* v. *Moltrum,* 26 Ind. App. 550; *Peerless Stone Co.* v. *Wray,* 10 Ind. App. 324; *Ohio, etc., R. Co.* v. *Engrer,* 4 Ind. App. 261. See, also, *City of Greencastle* v. *Martin,* 74 Ind. 449, 39 Am. Rep. 93; *Pennsylvania Co.* v. *Hensil,* 70 Ind. 569, 36 Am. Rep. 188; *Corporation of Bluffton* v. *Mathews,* 92 Ind. 213.

The averment at the close of the pleading that "the injury to plaintiffs' horses was caused wholly on account of the negligence of the defendant, and without any fault or negligence on the part of the plaintiffs," does not make the complaint sufficient, as no act or omission is mentioned, and no reference is made to any act or omission or negligence before mentioned. *South Chicago City R. Co.* v. *Moltrum, supra; Ohio, etc., R. Co.* v. *Engrer, supra.*

Judgment reversed, with instructions to sustain the demurrer to the complaint.