## CITY OF HAMMOND v. WINSLOW.

[No. 4,679.    Filed April 27, 1904.]

APPEAL AND ERROR.—*Joint Assignment of Error.—Dismissal of One Paragraph of Complaint.*—Where plaintiff filed an amended complaint in two paragraphs, and, after the evidence was heard and before the finding, dismissed the second paragraph, the amended complaint on appeal stands as a single paragraph, and an assignment of error that "the court erred in overruling appellant's demurrer to appellee's amended complaint," presents for review the sufficiency of such amended complaint. *p. 93.*

NEGLIGENCE.—*Personal Injuries.—Pleading.*—An averment in a complaint in an action for personal injuries that "at the time of the commission of the grievances hereinafter alleged, and for two years prior thereto, defendant had carelessly and negligently and knowingly permitted a certain sidewalk on the public street in said city to be and remain in a dangerous condition for travel" sufficiently charges that the defective sidewalk existed on the day plaintiff was injured, where the only date thereafter alleged was the date of the injury. *pp. 93, 94.*

SAME.—*Proximate Cause.—Pleading.*—A complaint against a city for personal injuries alleging that defendant maintained a certain sidewalk four feet above the street thereunder with no barriers, guards, railing or protection of any kind to prevent persons stepping or falling off of same, and that plaintiff while passing over said sidewalk fell off of the same, and was injured, is bad for failing to show that the alleged negligence of the city was the proximate cause of the injury, there being no connection shown between the negligence charged and the injury. *pp. 94, 95.*

From the Porter Superior Court; *H. B. Tuthill*, Judge.

Action by Harriet Winslow against the city of Hammond. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Lawrence Becker, N. L. Agnew* and *V. S. Reiter*, for appellant.

*F. N. Gavit*, for appellee.

ROBINSON, J.—Suit by appellee for personal injuries. Appellant demurred separately and severally to each of the two paragraphs of amended complaint, which was overruled. Answer in denial, trial by the court, finding for

appellee, and, over appellant's motion for a new trial, because the finding is not sustained by sufficient evidence and is contrary to law, judgment on the finding. After the evidence was heard, and before the finding, appellee dismissed the second paragraph of complaint.

It is first insisted that the first error assigned, "the court erred in overruling appellant's demurrer to appellee's amended complaint," presents no question for review. The demurrer was a separate and several demurrer to each paragraph, and the error assigned could be called joint. But when appellee dismissed the second paragraph of amended complaint such dismissal took out of the record all pleadings addressed to that paragraph. So much of the demurrer as applied to the second paragraph went out with the complaint. It is true the pleading left was the first paragraph of amended complaint; but, being the only paragraph, it was not necessary further so to designate it. Had the demurrer been joint, a different question might be presented by this assignment of error. But when appellee dismissed the second paragraph the case stood precisely as if but a single paragraph had been filed in the first instance. The question presented to this court is the same question presented to the trial court by the separate and several demurrer. Appellee voluntarily chose to have but a single paragraph of complaint, to which had been addressed a separate demurrer. The record in this particular stands as he himself has made it, and in the record thus made is a single paragraph of complaint, which paragraph only could we be asked to consider for any purpose. The demurrer asked the court to consider the sufficiency of each paragraph of the complaint separately. So far as concerns this court, the second paragraph having been dismissed, the only ruling the trial court made on the demurrer was overruling the demurrer to the amended complaint.

The complaint avers that "at the time of the commission of the grievances hereinafter alleged, and for two years

prior thereto, defendant had carelessly, negligently, and knowingly permitted a certain sidewalk on the public street in said city to be and remain in a dangerous condition for travel, in this, that the same was so constructed and maintained as to be four feet above the street thereunder and immediately adjoining the same, thus causing a vertical drop of four feet from the side of said sidewalk to the street thereunder and along the side thereof, with no barriers, guards, railing, or protection of any kind to prevent persons stepping or falling off the same; that on the 6th day of May, 1901, and after the darkness of night had set in, and when it was dark, plaintiff was passing over said sidewalk as a foot passenger, and was unable to see the edge or any portion of said sidewalk on account of the darkness, and while so passing over said sidewalk, and using due care and caution, fell off the side of the same, and to the ground of the street along the side thereof," causing injuries which are described.    The complaint is not open to the objection that it does not sufficiently show the sidewalk was defective on the day the appellee was injured.    The words "at the time of the commission of the grievances hereinafter alleged" may reasonably be said to have reference to the only date thereafter alleged which is the date of the injury.    In *Corporation of Bluffton* v. *Mathews,* 92 Ind. 213, where the complaint averred that on the 24th day of October, 1881, the defect existed, and that appellee was injured on the——day of————, 1881, it was held that it was not shown the city was at fault when the injury occurred.

It is further argued that the complaint fails to show that the alleged negligence of the city was the proximate cause of the appellee's injury. The pleading is open to the objection that it shows no connection between the negligence charged and the injury, in the way of cause and effect. So far as informed by the complaint, might not the injury have occurred, just as it did occur, had there been no omis-

sion of duty on appellant's part? The complaint does not aver what caused the injury, nor does it aver facts from which it can be said that the injury must necessarily have occurred from the negligence charged. So far as disclosed, the walk was of uniform width, and the charge is that no guards or barriers were maintained along the side of the walk. It is left altogether to inference that if guards had been maintained along the side, she would not have fallen. Under a number of rulings we think the complaint must be held insufficient. *Corporation of Bluffton* v. *Mathews, supra; Pittsburgh, etc., R. Co.* v. *Conn,* 104 Ind. 64; *Ballimore, etc., R. Co.* v. *Young,* 146 Ind. 374; *Toledo, etc., R. Co.* v. *Beery,* 31 Ind. App. 556; *Lake Erie, etc., R. Co.* v. *Mikesell,* 23 Ind. App. 395; *South Chicago City R. Co.* v. *Moltrum,* 26 Ind. App. 550; *Ohio, etc., R. Co.* v. *Engrer,* 4 Ind. App. 261; *Harris* v. *Board, etc.,* 121 Ind. 299.

Judgment reversed.