# CHICAGO & WESTERN INDIANA RAILROAD COMPANY ET AL. *v.* MARSHALL.

[No. 5,441. Filed November 2, 1905. Rehearing denied June 7, 1906.]

1. JURISDICTION. — *Action Brought in Wrong County.* — *How Questioned.*—*Waiver.*—Where the jurisdiction over the person, because the action was brought in the wrong county, is not questioned by demurrer or answer, such question is waived under §346 Burns 1901, §343 R. S. 1881. p. 222.

2. SAME.—*Joint Defendants.*—*Service.*—*Venue.*—Two or more defendant corporations having offices in this State may be sued in any county where one of them has an office, service on the others in other counties giving the court jurisdiction. p. 222.

3. SAME.—*Joint Defendants.*—*How Determined.*—Whether defendants in an action are joint is a question to be determined by the court from the complaint on file when the summons is issued, and if it shows a cause of action against the defendants jointly, the court has jurisdiction over all defendants served, where one is a resident of the county in which the action is brought. p. 222.

4. PLEADING. — *Complaint.* — *Joint Negligence.* — *Railroads.*—A complaint showing that injuries were received in consequence of the several acts of negligence of three railroad companies using a single track, properly joins such three companies as defendants, an allegation of preconcerted action being unnecessary. p. 222.

5. SAME. — *Complaint.* — *Railroads.* — *Negligence.*—A complaint against three railroad companies alleging that plaintiff was injured by the carelessness of said companies "in the running of their said trains and in their neglect and carelessness in giving and receiving and executing orders for the running of said trains, and in the careless and negligent manner that said

trains were left standing on the tracks," and by the "neglect of said defendants to observe the targets and danger signals, and in the running of said trains at a high and ungovernable rate of speed," is bad, since such allegations are too indefinite as to the acts constituting negligence.   p. 223.

6.  PLEADING. — *Complaint.* — *Demurrer.*—*Construction.*—*Intendments.*—*Appeal and Error.*—A complaint, attacked by a demurrer in the trial court, must be construed on appeal with reference to its containing facts sufficient to constitute a cause of action, and without reference to any intendments indulged to cure a defective complaint after verdict, where not attacked by demurrer.   p. 225.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Action by Samuel R. Marshall against the Chicago & Western Indiana Railroad Company and others.   From a judgment on a verdict for plaintiff for $2,700, defendants appeal.   *Reversed.*

*W. O. Johnson, E. C. Field, H. R. Kurrie, J. B. Kenner, C. K. Lucas* and *Sumner Kenner,* for appellants.

*R. A. Kaufman* and *C. W. Watkins,* for appellee.

BLACK, J.—The appellee brought his action against the Chicago & Erie Railroad Company and the appellants, the Chicago & Western Indiana Railroad Company and the Chicago, Indianapolis & Louisville Railway Company, to recover damages for personal injury suffered by the appellee while in the employ, as rear brakeman on a freight-train, of the first named company, which we shall designate as the Erie Company.   The judgment being in favor of the Erie Company, the appeal is brought by the other two companies, which we shall designate as the Western Company and the Monon Company.

The complaint at first consisted of one paragraph, in which it was in substance shown, after preliminary averments concerning the corporate character and the business of each of the defendants, that August 16, 1902, the Western Company was the owner of a line of railroad from

Hammond, Indiana, to Chicago, Illinois, with side-tracks and switches, and was operating and controlling a double-track line of railroad between those places; that each of the other companies was running its cars and locomotives over these tracks under a contract of lease, but subject to the orders, directions and rules of the Western Company, and each of the other companies received all its orders and directions for the running of its trains from the Western Company, and was so running its trains of cars and loco-motives on the morning of the day above mentioned; that the appellee was in the employ of the Erie Company as brakeman on a freight-train, and it was his duty to obey the orders and signals of the conductor and engineer of said train, who were also in the employ of the Erie Com-pany, which was running a train of cars, on which appel-lee was engaged as rear brakeman, from Chicago, Illinois, to Huntington, Indiana, over the lines of the Western Company; that, under the orders of the Western Com-pany, they had advanced and were at or near State Line, and had arrived at the target station, and had received the target signal to enter the semaphore, and had pulled the train upon the target switch, and were standing within the distance semaphore awaiting the orders of the Western Com-pany; that, while they were thus standing, the Monon Com-pany's passenger-train, which was being run as a special train over the tracks of the Western Company, from Chi-cago to Indianapolis, on the same line of tracks over which the Erie Company was running its train, and over and on the track on which the Erie Company's train was so stand-ing, and just as the last-mentioned train had started to leave the distance semaphore, approached the signal sta-tion with its train, at a rapid rate of speed, and ran into the rear end of the Erie Company's train, and over the appellee while he was in its caboose; that the appellee was buried under the wreckage, and crushed, bruised, mangled

and permanently disabled, his injuries being described; that when he was struck by the locomotive engine of the Monon Company, he had just entered the caboose of the train on which he was so employed, which had just started to leave the track in the distance semaphore, and he had no knowledge that any train was being run on said tracks; that the train which ran into and over him was an extra train, and was not on any regular time-card, and had no regular time limit known to the appellee, and he had no notice or knowledge of the running of said train, or that another train or extra passenger-train was being run on said tracks; that he received no orders or directions from any one with reference to any extra train; that the conductor in charge of the Erie Company's train had no notice or knowledge or orders with reference to the running of this extra train, at the time he reached the signal station on which the appellee was struck, and only received such notice when his train was starting to leave that point, and no notice was ever given the appellee. There were further averments relating to the damages sustained by the appellee. It was alleged that the Western Company "carelessly and negligently omitted to give the plaintiff any orders as to the running of said extra passenger-train;" that the Monon Company "carelessly and negligently ran said train at a high rate of speed when approaching said signal station, and carelessly and negligently ran its said train over and against this plaintiff, without having any orders or directions or signal to cross over the tracks at the signal-station, and without having any signal giving that company the right to run on said semaphore, or distance switch, but carelessly and negligently ran its said locomotive and cars against the plaintiff and against the car in which this plaintiff was at that time, without having received any signal so to run its said cars and locomotive, and with the signal at said station turned against the running of its said

train;" that the Erie Company "so negligently ran its train of cars, and permitted the same to be and remain on said tracks at the time when said passenger-train was approaching, and carelessly and negligently managed the running of its said train as to permit it to remain on said tracks, in front of said approaching train, after the engineer and conductor in charge of said train had been notified of the approach of said passenger-train, for the period of about two minutes, without in any manner notifying this plaintiff of the approach of said train; that by reason of such negligence on the part of the defendants herein, and the carelessness in the running of said trains, and the neglect to execute and deliver the proper orders for the running of said trains, the plaintiff herein received the injuries stated," etc.

The appellants, appearing specially, separately and severally, "for the purpose of contesting the sufficiency of the summons and service and return thereon only," filed a verified motion to quash the summons and return thereof, alleging that the action was brought against their railroad corporations; that these defendants had no connection with each other, except such as one company has with another in usual traffic and business connections; that the action was not on contract, but was in tort; that the appellants or neither of them ran through Huntington county, and had no office or agents in that county; that the only summons or service upon the Monon Company was a return of service on an agent of that company at Hammond, Indiana; that the only service of summons on the Western Company was service on a railroad telegraph operator at the same place; that a summons and return upon the appellants did not give jurisdiction over the parties and subject-matter in the court below. The appellee, treating this motion as a plea to the jurisdiction of the court, demurred to it, and the demurrer was sustained.

The objection which it was thus sought to raise did not relate to the form of the summons or the manner of service shown by the return, but was an objection that as to each of the appellants the action against it was brought in the wrong county.   Such objection, if not taken by answer or demurrer, is to be deemed as waived. §346 Burns 1901, §343 R. S. 1881; *Eel River R. Co.* v. *State, ex rel.* (1896), 143 Ind. 231; *Globe Accident Ins. Co.* v. *Reid* (1898), 19 Ind. App. 203, 218.   No objection was made in the plea to the bringing of the action in Huntington county against the Erie Company. The action against that company being properly brought in that county, process might properly be sent for service on the appellants in another county, if the appellants were properly joined with the Erie Company as defendants; that is, if the complaint showed facts which not only rendered the appellants liable to the appellee for his injury, but which also rendered the Erie Company likewise liable, and which authorized the joining of the appellants as defendants with the Erie Company.   The action of the court in sustaining the demurrer to the plea is to be considered with reference to the complaint on file when the court made its ruling upon the demurrer to the plea, without reference to subsequent developments in the cause.

The complaint then on file, the substance of which we have set forth, showed a cause of action at common law against all of the defendants, for a single injury inflicted at one time by the collision of the engine of the Monon Company with the train of the Erie Company; and while it was not shown that any particular alleged negligent act or omission was the act or omission of all the defendants jointly, it was shown that the defendants were all using the same railroad track and operating under common rules, and that negligent conduct of all at the same time and place combined and concurred in

causing the single injury. They were acting in concert in the use of the track, and, though they did not conduct themselves negligently by preconcert, yet it was by their united negligent acts and omissions that the appellee was injured. In such case he might sue one or all for the resulting injury. Shearman & Redfield, Negligence (5th ed.), §122; *Colegrove* v. *New York, etc., R. Co.* (1859), 20 N. Y. 492, 75 Am. Dec. 418.

After the ruling upon this plea, the appellee filed a second paragraph of complaint. The appellants demurred to each paragraph of the complaint for want of sufficient facts, and the demurrer was overruled.

In the second paragraph, after allegations relating to the corporate character and the business of the defendants, and stating where the lines of railway of the defendants respectively ran, and showing that the defendants were jointly using the lines of the Western Company, it was further alleged that on August 16, 1902, the appellee was in the employ of the Erie Company as brakeman on one of its trains of cars which was being run from Chicago over the lines of the Western Company; that he was performing the duties of brakeman on that train, and was acting under the orders of the Western Company, from which all orders for the running of trains from Chicago to Hammond were received; that said train had proceeded on its way from Chicago, and had reached a point on the line of the Western Company near State Line, a signal-station on that railway line, and had received the target signal, and had run the train within the semaphore, and the train had stopped to receive orders for the purpose of continuing forward to its destination; that on that day the Monon Company was running one of its trains from Chicago over the same line and under orders from the same company as the Erie Company; that both of these trains were being run in the same direction and on the same line of track; that while they were being so run

and operated, and while the appellee was engaged in the line of his duty as brakeman on the train of the Erie Company, the train of the Monon Company run into and over and on the cars of the Erie Company, and into and over the car on which the appellee was, and crushed, maimed, and bruised him, etc., stating his various injuries. Next in this paragraph were the only charges of negligence in any acts or omissions, in the closing portion of the pleading, as follows: "That his said injury was caused by the carelessness of said railroad companies, these defendants, in the running of their said trains, and in their neglect and carelessness in giving, receiving and executing orders for the running of said trains, and in the careless and negligent manner that said trains were run and left standing on the tracks of said defendants' railroad, and the neglect of said defendants to observe the targets and danger signals, and in the running of said trains at a high and ungovernable rate of speed when approaching said target and station-signal, and not having their said trains under control when approaching said target and signal-station, to the injury of this plaintiff in the sum of," etc. In this closing portion of the pleading each and all of the acts and omissions there characterized as negligent are attributed to all the defendants, without discrimination. No act or omission is here directly alleged or charged against any one or all of the defendants, and the general and indefinite averments attributing negligence do not even refer by way of recital to any other averments making such necessary, direct charges.

The railroad companies were authorized by their corporate franchises to run trains, and they could not therefore be negligent merely "in the running of their trains." It is nowhere alleged that they, or either of them, negligently did or omitted anything relating to the running of trains, or negligently ran a train upon the appellee, or upon the car in which he was when injured. It is not stated what

orders were given or received or executed, nor that any orders were negligently given or negligently received or negligently executed, nor does it appear in what respect there was negligence in the giving or the receiving or the executing of any orders. It is not made to appear in what respect the trains were negligently "run and left standing," nor is it alleged that any train or trains were negligently run and negligently left standing. It is said, in the former portion of the pleading that the Erie Company had received the target signal, and had run the train, on which the appellee was acting as brakeman, within the semaphore, and that the train had stopped to receive orders. No negligence is in this connection attributed to any of the defendants, and in the closing portion quoted no reference is made to the running or stopping before mentioned in the pleading, so as to identify what was before alleged with the running and leaving standing mentioned as having been done in a negligent and careless manner. It is nowhere in the complaint directly alleged that the defendants, or either of them, neglected or even failed to observe the targets and signals, nor is there any statement as to what targets and danger signals there were which might have been observed, but were not. It is not directly alleged in the pleading that the defendants, or any of them, ran "said trains," or any train, at a high and ungovernable rate of speed, or did not have "said trains," or any particular train, under control.

When a complaint is seasonably attacked by demurrer for want of sufficient facts, and the demurrer is overruled, the pleading must be construed in this Court with 6. reference to the legislative requirement that it shall contain a statement of the facts constituting the cause of action; and we cannot indulge those intendments which are allowed after verdict to cure a defective complaint. The demurring party has a right to a correct ruling by the trial court, and the deprivation of such right may be

remedied on appeal. It cannot be held that the second paragraph comes within the requirements heretofore enforced in such cases. See *Pittsburgh, etc., R. Co.* v. *Conn* (1885), 104 Ind. 64; *Corporation of Bluffton* v. *Mathews* (1883), 92 Ind. 213; *Harris* v. *Board, etc.* (1889), 121 Ind. 299; *Baltimore, etc., R. Co.* v. *Young* (1896), 146 Ind. 374; *Ohio, etc., R. Co.* v. *Engrer* (1892), 4 Ind. App. 261; *Lake Erie, etc., R. Co.* v. *Mikesell* (1899), 23 Ind. App. 395.; *South Chicago City R. Co.* v. *Moltrum* (1901), 26 Ind. App. 550; *Toledo, etc., R. Co.* v. *Beery* (1903), 31 Ind. App. 556; *City of Hammond* v. *Winslow* (1904), 33 Ind. App. 92.

Judgment against the appellants reversed, and cause remanded, with instruction to sustain the demurrer of the appellants to the second paragraph of the complaint.