## CITY OF CRAWFORDSVILLE *v.* VAN CLEAVE, ADMINISTRATOR.

[No. 5,532.   Filed May 29, 1906.   Rehearing denied November 1, 1906.   Transfer denied February 26, 1907.]

PLEADING.—*Complaint.*—*Negligence.*—*Municipal Corporations.*— *Defective Streets.*—A complaint showing that plaintiff's decedent was riding in a cab upon a street, in which, to the city's knowledge, there was a ditch; that in the darkness the driver drove into it, causing him to be thrown to the ground; that because thereof he lost hold of the lines; that the team ran away, causing decedent's death, is bad, since it does not allege that the team ran away because of the cab's running into the ditch or because of the driver's losing hold of the lines.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Action by Samuel Van Cleave, as administrator of the estate of Mary Van Cleave, deceased, against the City of Crawfordsville. From a judgment on a verdict for plaintiff for $3,800, defendant appeals. *Reversed.*

*Finley P. Mount* and *Guenther & Clark,* for appellant.

*Martin A. Morrison, Crane & McCabe* and *McCabe & McCabe,* for appellee.

City of Crawfordsville *v.* Van Cleave—39 Ind. App. 574.

ROBINSON, P. J.—Appellee's complaint avers that he is administrator of the estate of Mary M. Van Cleave, deceased; that decedent "died intestate May 22, 1903, leaving as her sole heirs at law the plaintiff herein, Samuel M. Van Cleave, her surviving husband, and William Van Cleave and .Minnie Polhan, her children;" that òne of appellant's streets, "consisting of two long steep hills crossing a hollow or ravine through which a small stream flowed," was improved by grading and graveling the same and by placing an electric arc light in the center of the street on top of each of the hills, but none between, so that drivers crossing the the ravine were blinded by the light on the opposite hilltop, and, with ordinary care, and even with the aid of carriage lamps, were unable to see washouts or excavations in the bed of the roadway; that in the street, about half way from the top of one of the hills, "there was at the time of the injuries hereinafter described, and had been for twenty-four hours, a washout or excavation caused by rains, by which a long, deep gutter was formed lengthwise in said street, about two feet deep and forty feet long, of the existence of which said defendant was at all times aware, and of which it had actual notice for more than twelve hours before the occurrence of the injury and death hereinafter mentioned; that said gutter or washout was dangerous to travelers, as defendant well knew, so that said street was not in a reasonably safe condition for travel, but the defendant negligently failed to repair the same, though defendant had ample time to repair the same, after receiving such notice, and before the occurrence of the injury hereinafter mentioned, and negligently failed to place any warning light, signal or barrier at or near the same, or to take any step whatever to prevent injury on account thereof; that on said day, to wit, May 22, 1903, the decedent, with her husband and others, was traveling on said streets in a closed carriage, to wit, a public conveyance for hire, known as a cab, drawn by a team of gentle horses and driven by a competent driver,

going down said hill on which said washout was, as aforesaid, at about 10 o'clock at night, when it was dark and said arc lights were burning, when suddenly, without any fault on the part of said decedent or of said driver, the off or right wheels of said carriage dropped into said hole or washout, whereby the driver's seat was given a lurch, which threw said driver from it to the ground, causing him to lose his hold upon the lines on said team, and said team at once became frightened and began running down said hill, with constantly increasing speed, all without plaintiff's or decedent's fault, whereby decedent became greatly frightened, and in good faith believed, and had apparently well grounded reasons for believing, that she was in imminent danger of receiving serious personal injury if she remained in said cab, and that it was safer for her to jump from said carriage than to remain in it, and, acting under such fear, belief and impulse, she jumped out of the door of said carriage while said team was so running away, as aforesaid, and she was" thereby instantly killed.

The demurrer to the complaint should have been sustained. The pleading shows that the city was negligent in permitting the washout to be and remain in the street; and it is shown that the wheels of the carriage dropped into this hole, whereby the driver was thrown from his seat and lost his hold upon the lines, and that the team at once became frightened and ran away, causing the death of appellee's decedent. Does the pleading aver facts from which it can be said that the injury would not have occurred just as it did occur had there been no negligence on the city's part as charged? We think not. It is not averred, and we cannot infer, that the team became frightened because the wheels of the carriage dropped into the hole, or because the driver was thrown from his seat and lost hold of the lines. Unless the team became frightened because of one or both of these, there is no causal connection between the negligence charged and the injury. No facts are averred

from which the presumption necessarily arises that the team became frightened because of either, and, so far as informed by the complaint, the team might have become frightened, and the injury might have occurred just as it did occur, had there been no negligence on the city's part. There is no averment that the dropping of the wheels into the hole, throwing the driver from his seat, or the loss of the lines, had anything whatever to do with the frightening or running of the team. Because appellant was negligent in permitting the hole to remain in the street does not make it liable, unless this negligent act caused or helped to cause the injury complained of. Under the rule in the following cases, and others that might be cited, the complaint must be held bad for want of sufficient facts. *Pittsburgh, etc., R. Co.* v. *Conn* (1885), 104 Ind. 64; *Ohio, etc., R. Co.* v. *Engrer* (1892), 4 Ind. App. 261; *Lake Erie, etc., R. Co.* v. *Mikesell* (1899), 23 Ind. App. 395; *Chicago, etc., R. Co.* v. *Thomas* (1897), 147 Ind. 35; *Toledo, etc., R. Co.* v. *Beery* (1903), 31 Ind. App. 556.

Judgment reversed.