## SWAIN v. HUNT ET AL.

[No. 7,729. Filed October 31, 1912. Rehearing denied March 6, 1913.]

1. HUSBAND AND WIFE.—*Actions.*—*Parties.*—Where, in an action against a husband and wife on a note executed by the wife before her marriage, judgment was had against the wife, but no finding or judgment was rendered against the husband, the husband is neither a necessary nor proper party in an action on such judgment, brought after a divorce had been granted. p. 627.

2. FRAUD.—*Complaint.*—*Allegations.*—*Bringing Action in Wrong County.*—A complaint in an action to set aside a judgment, on the ground that the original action was fraudulently brought in the wrong county, is insufficient in the absence of averments of acts or conduct constituting fraud. p. 628.

3. VENUE.—*Action Brought in Wrong County.*—*Waiver of Objection.*—Where an action is brought in the wrong county, and defendant is lawfully served with notice of the pendency of the action, the question of jurisdiction is waived by permitting a default to be taken, under §348 Burns 1908, §343 R. S. 1881, providing that an objection that the action is brought in the wrong county shall be deemed waived, if not taken by answer or demurrer. p. 628.

From Hamilton Circuit Court; *Dan Waugh,* Judge.

Action by Hannah M. Swain against Charles L. Hunt and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Joseph A. Roberts* and *Walter L. Carey,* for appellant.
*John F. Neal, C. M. Gentry* and *E. E. Cloe,* for appellees.

ADAMS, P. J.—The only error relied on for reversal in this action is predicated on the sustaining of appellees' demurrer to appellant's complaint.

It is shown by the complaint that on December 16, 1886, Gideon Hunt, as guardian of appellees, who were then minors, recovered a judgment in the Hamilton Circuit Court against appellant on a promissory note executed to said guardian by appellant, under the name of H. M. White. Before the maturity of the note, and before suit was brought thereon, appellant became the wife of Luther Swain, who was made a codefendant in the action, but against whom no finding or judgment was made or rendered. Soon after the rendition of the judgment, appellant and Luther Swain were divorced, and appellant became a resident of Marion county, Indiana. On December 8, 1906, appellees, then of full age, brought suit on the judgment against appellant in the Hamilton Circuit Court, to which action Luther Swain was made a party defendant.

Summons for appellant was issued by the clerk directed to the sheriff of Marion county, and was served by reading and by copy. On December 22, 1906, the court found that each defendant had been duly served with process, appellant was defaulted, and judgment rendered against her on default, and in favor of Luther Swain for his costs.

This action was brought by appellant against appellees on December 17, 1908, to set aside said judgment, on the ground that the court rendering the same had no jurisdiction over her person.

It is contended by appellant that the judgment sought to be set aside is void; that the Hamilton Circuit Court did not have jurisdiction over the person of appellant, and that Luther Swain was made a party defendant to the action for the fraudulent purpose of giving the Hamilton Circuit Court jurisdiction to hear and determine the cause.

It is clear that Luther Swain was neither a proper nor a necessary party defendant, and that the action was brought in the wrong county; but it cannot be said that the 2. bringing of an action in the wrong county is fraudulent, without any averment as to the acts or conduct constituting the fraud. All actions brought in the Hamilton Circuit Court are brought for the purpose of vesting jurisdiction in that court.

Appellant asserts that a defendant sued in the wrong county does not waive the question of jurisdiction over his person by failing to appear and raise the question by 3. demurrer or answer, and in support cites, among other cases, *Dobbins* v. *McNamara* (1887), 113 Ind. 54, 14 N. E. 887, 3 Am. St. 626, and *Cavanaugh* v. *Smith* (1882), 84 Ind. 380. These cases are not in point, and only hold that where a judgment is rendered on default against a defendant on whom there was no service of process, and over whose person the court acquired no jurisdiction, such judgment may be set aside in a direct proceeding, whether the defendant had a good defense or not.

In the case at bar, appellant was lawfully served with notice of the pendency of the action, and suffered a default to be taken. Under the plain terms of the statute, this constituted a waiver of jurisdiction. The proviso of §348 Burns 1908, §343 R. S. 1881, reads as follows: "Provided, however, That the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived." The subject-matter of the action was clearly within the ordinary jurisdiction of the Hamilton Circuit Court, and although the action should have been brought against appellant in Marion county, the jurisdiction of the Hamilton Circuit Court over the person of appellant was waived by failure to raise the question by answer or demurrer. *Eel River R. Co.* v. *State, ex rel.* (1896), 143 Ind. 231, 234, 42 N. E. 617; *Chicago, etc., R. Co.* v. *Marshall* (1906), 38 Ind. App. 217, 222, 75 N. E. 973; *Globe Accident Ins. Co.* v. *Reid* (1898), 19 Ind. App. 203, 219, 47 N. E. 947, 49 N. E. 291.

It would be a harsh rule that would permit appellant in this case to disregard the summons of the Hamilton Circuit Court, suffer a judgment to be taken against her on default, wait until the original judgment became barred by the statute of limitations; and then set aside the judgment rendered on the original judgment.

The demurrer to the complaint was properly sustained, and the judgment is affirmed.

NOTE.—Reported in 99 N. E. 529. See, also, under (1) 21 Cyc. 1550; (2) 23 Cyc. 1041; (3) 40 Cyc. 111. As to what law governs a wife's capacity to sue or be sued, see 85 Am. St. 577.